(Opinion published 55 N. W. Rep. 813.)

---

PAUL BOYER *vs.* ST. PAUL CITY RY. Co. *et al.*

Submitted on briefs April 25, 1893.   Affirmed June 30, 1893.

54  127
80  426

Evidence Examined.

Evidence in this case *held* sufficient to warrant the submission of the question of the negligence of the respective parties to the jury.

Appeal by defendants, the St. Paul City Railway Company and the Minneapolis Street Railway Company from an order of the District Court of Ramsey County, *Chas. E. Otis*, J., made January 31, 1893, granting a new trial.

The plaintiff, Paul Boyer, a boatman living at Ashland, Wis., came to St. Paul Saturday, and on next Sunday evening, June 12, 1892, took an electric street car for Minneapolis.   When the car was in Washington Street, near the National Hotel in that city, the plaintiff left it, and went around the rear end onto the west track, and was there struck by a Cedar Avenue car going south. This was an electric car with headlight and well lighted.   He lost his right arm and sustained other injuries.   He had never been in either city before, and had never before seen a double-track street railway or an electric car.   When he alighted, it was dark, raining, hailing and blowing, and water was running down the

street.    He claimed that the car that struck him was running past
the other at a high rate of speed and that in the darkness and
storm he did not see it, or the railway track on which it was
passing.    He brought this action to recover $10,000 damages, claim-
ing the defendants were negligent in the management of these cars,
and that his injuries resulted therefrom.

The action came to trial January 16, 1893, before a jury.    When
the plaintiff's evidence was all given, the court, on motion of the
defendants, dismissed the action, on the ground that the evidence
conclusively showed that plaintiff was guilty of contributory neg-
ligence in passing around the car onto the opposite track in such
a storm, and then not looking to see what might be coming.

The plaintiff moved for a new trial, and the court granted it,
on the ground that the question of plaintiff's contributory negli-
gence should have been left to the jury.    From this order the de-
fendants appeal.

*McCafferty & Noyes,* for appellants, cited *Ehrisman* v. *East Har-
risburg City Pass. Ry. Co.,* 150 Pa. St. 180; *Buzby* v. *Philadelphia
Traction Co.,* 126 Pa. St. 559.

*E. S. Thompson* and *John C. Bullitt,* for respondent, cited *Shea*
v. *St. Paul City Ry. Co.,* 50 Minn. 395.

VANDERBURGH, J.    This action against the defendants, for a per-
sonal injury, sustained by plaintiff, was dismissed at the trial be-
cause the court deemed that the plaintiff was clearly shown to be
guilty of contributory negligence by the evidence.    On a review
of the evidence upon a motion for a new trial the trial court be-
came convinced that the question was one for the jury, and ac-
cordingly granted a new trial.    The plaintiff, who lived in Wis-
consin, was a stranger in the vicinity, and unacquainted with the
street-car lines between St. Paul and Minneapolis.    On the 12th
day of June, 1892, in company with a friend, he boarded a street
car running between the cities named, early in the evening of that
day.    On the way a severe storm of wind and rain arose, and con-
tinued with increasing severity until the car reached a point on
Washington avenue, in the city of Minneapolis, between Second
and Third streets, where the car was stopped by the storm.    The

electric current was turned off, and the lights went out. The motoneer or driver notified the conductor that he could not go ahead, for the reason that he could not see, on account of the storm, and that the hail and rain were driving in his eyes. The car was crowded, and the plaintiff and his companion, who were standing up, exposed to the storm, thereupon left the car, and, with an umbrella raised, started across the street. In doing so, they stepped upon a parallel track, and plaintiff was knocked down and injured by a car coming from an opposite direction, which he did not see or hear, on account of the storm and darkness. It also appears, according to his testimony, that he did not know where they were, nor that there was a double track on the line, nor see the track in question, which was covered with water at the time. We do not think his evidence in respect to his knowledge of the risk was necessarily incredible, under all the circumstances. The storm, darkness, the noise of the car he was on, and his position thereon, with a crowd, might have prevented him from noticing the cars on the parallel track, or from knowing of the existence of the double track. Notwithstanding plaintiff's failure to watch out for another street car, the question of his contributory negligence was for the jury. *Shea* v. *St. Paul City Ry. Co.*, 50 Minn. 395, (52 N. W. Rep. 902.)

2. The evidence tended to show that the car which struck and injured the plaintiff was running at a very high rate of speed,— fifteen or twenty-five miles an hour. The jury might very properly find such rate of speed to be dangerous, and the question of defendants' negligence was very clearly for them. The storm and darkness also imposed the additional duty of caution while proceeding on a street where pedestrians might be expected to be crossing at any time in the evening.

Order affirmed.

(Opinion published 55 N. W. Rep. 825.)