SWAN HOLMGREN, Administrator, v. TWIN CITY RAPID TRANSIT COMPANY.[1]

May 10, 1895.

Nos. 9165—(22).

**Street Railway—Negligence at Crossing.**

> Action to recover damages for the negligent killing of plaintiff's intestate (a boy aged about 11½ years) at a street crossing in the city of St. Paul, the negligence charged being (1) running its car at a dangerous rate of speed, and (2) failing to give proper warning of its approach to the street crossing. *Held* that, upon the evidence, the questions of defendant's negligence (in both of the matters charged) and of the contributory negligence of the deceased were for the jury.

**Same—Looking and Listening.**

> The degree of care required at the crossing of a highway and an ordinary steam railway, as, for example, in looking up and down the track, is not necessarily the test of care required in crossing the track of a street railway on a public street. Shea v. Saint Paul C. R. Co., 50 Minn. 395, followed.

Appeal by defendant from an order of the district court for Ramsey county, Brill, J., denying a motion for a new trial, after a verdict of $1,000 for plaintiff. Affirmed.

[1] Reported in 63 N. W. 270.

*Munn, Boyeson & Thygeson,* for appellant.
*Kueffner & Fauntleroy,* for respondent.

MITCHELL, J.   This was an action to recover damages for the alleged negligent killing of plaintiff's intestate.   The accident occurred at or near the intersection of Tenth and Olive streets, in the city of St. Paul.   The defendant is a street-railway company operating lines of electric street cars.   The car which caused the injury was running eastward along Tenth street.   The deceased, who, with a number of other choir boys, had come out of St. Paul's church, was crossing Tenth street (going northward) near the easterly intersection of that street with Olive street, when he was struck and killed by the car.   The negligence charged against defendant was (1) running its car at a dangerous rate of speed; (2) not giving any proper warning of its approach to the street crossing.   The answer of the defendant denied the negligence charged, and alleged that the injury was caused solely by the negligence of the deceased himself.

The defendant's various assignments of error may all be summed up under two general heads:   First, that the court erred in leaving to the jury the question whether defendant gave proper warning of the approach of the car by ringing the bell; and, second, that the verdict was not justified by the evidence.   The undisputed evidence is that the car either stopped or "slowed up" at the westerly intersection of Tenth and Olive streets, in order to let the conductor alight from the front, and pass to the rear of the car, which was crowded with passengers.   We are of the opinion that the evidence is conclusive that the bell was rung as the car approached the westerly line of Olive street; and, if this had been the only fact upon which the question of proper warning depended, we think it would have been error for the court to leave it to the jury. But a careful examination of the evidence satisfies us that it was a question for the jury whether any warning was given when or after the car again started up to cross Olive street; and if the jury should find (as they might) that no such warning was given, then, in view of the fact that this was at a much-frequented street crossing, and of the speed at which the car was run, and other circumstances which might be mentioned, it was also a question for them

to determine whether the failure to give such warning was not negligence. We also think that there was evidence from which the jury might have found that the car crossed Olive street, and approached the place of the accident at the rate of at least eight miles an hour. Under the circumstances, we think it was a question for the jury to determine whether this was not an improper and unsafe rate of speed at a frequented street crossing, at least without giving warning to pedestrians of the approach of the car at or after starting up on the opposite side of the street. Our conclusion, therefore, is that the question of defendant's negligence, both as to the speed of the car and the giving of proper warning of its approach, was properly left to the jury.

The only other question is whether the evidence conclusively established contributory negligence on the part of the deceased, who was a lad aged 11 years and 7 months. There is undoubtedly evidence tending quite strongly to prove that the lad was somewhat heedless, as is often characteristic of boys of his age. If he had been an adult, or if this had been the intersection of a highway and an ordinary steam railway, where the rule of "looking and listening" obtains under ordinary circumstances, a somewhat different case would be presented. But less is required of a child than of an adult. The deceased was only responsible for the exercise of such a degree of care as could reasonably be expected from one of his age and capacity. Again, the degree of care required at the crossing of a highway and an ordinary steam railroad is not, in all respects, the test of care required in crossing the track of a street railroad on a public street. We have stated the reasons for the distinction in Shea v. Saint Paul C. R. Co., 50 Minn. 395, 52 N. W. 902. The rule that one approaching a railroad crossing upon a highway must look up and down the track before he attempts to cross is not applicable, as a hard and fast rule, to one who attempts to cross a street-car track upon a public street, especially at a street crossing. Moreover, the deceased might have been led into a feeling of security by reason of the absence of any warning (as the jury might have found) that the car had again started after its stop on the opposite side of the street. It must also be remembered that there is no presumption that the boy was negligent; on the contrary, the burden was on the defendant to

affirmatively prove it. While in some respects the case of the plaintiff was not particularly strong, yet we find nothing in the record to justify us in disturbing the verdict.

Order affirmed.