WILLIAM A. WILSON v. MINNEAPOLIS STREET RAILWAY COM-
PANY.

December 5, 1898.

Nos. 11,322—(144).

Street Railway—Collision at Crossing—Instruction to Jury Erro-
neous.

Action for the recovery of damages for injuries sustained by the
plaintiff in a collision at a street crossing between his wagon and the
defendant's electric car. The trial court submitted the question of the
defendant's negligence and of the contributory negligence of the plaintiff
to the jury, and gave to them these instructions:

"(1) Street cars are, in the main, governed by the same rules as other
vehicles on the street, and their owners have only equal right with the
traveling public to use the street.

"(2) A street-railway company must at least exercise as much care to
avoid collision with other vehicles as the owners of the latter are re-
quired to exercise in order to avoid collisions with cars.

"(3) When a driver of a vehicle approaching a street-railway track to
cross it sees a car approaching at such a distance that he can apparently
make the crossing safely, he has a right to attempt it; and it is not
negligence per se in him to attempt it without looking a second time at
the car; or for the approach of the car."

*Held*, that each of the instructions was misleading and prejudicial.

From an order of the district court for Hennepin county, Lan-
caster, J., denying a motion for a new trial after a verdict for
plaintiff, defendant appealed. Reversed.

*Koon, Whelan & Bennett*, for appellant.

*F. D. Larrabee*, for respondent.

START, C. J.

The plaintiff, while driving a four-horse team attached to a lum-
ber wagon across a public street in the city of Minneapolis upon
which the railway tracks of the defendant were located, was in-
jured in a collision between one of its electric cars and the wagon.
This action was brought to recover for his injuries so sustained.
The verdict was for the plaintiff in the sum of $3,083, and the de-
fendant appealed from an order denying its motion for a new trial.

The trial court submitted to the jury the question of the defendant's negligence; also the question of contributory negligence on the part of the plaintiff; and gave to the jury, with other instructions, the following:

"(1) Street cars are in the main governed by the same rules as other vehicles on the street, and their owners have only equal right with the traveling public to use the street.

(2) A street-railway company must at least exercise as much care to avoid collision with other vehicles as the owners of the latter are required to exercise in order to avoid collisions with cars.

(3) When a driver of a vehicle approaching a street-railway track to cross it sees a car approaching at such a distance that he can apparently make the crossing safely, he has a right to attempt it; and it is not negligence per se in him to attempt it without looking a second time at the car, or for the approach of the car."

1. The first instruction was given to the jury as an absolute rule of law as to the relative rights of the owners of street cars and those of other vehicles in the public streets. The instruction was incomplete, for it omitted the necessary modifications of the general rule, growing out of the difference in the nature of the two classes of vehicles, such as the construction, motive power, mode of operation and speed of each. The instruction ignored all of these matters.

As a general proposition, it is true that a street-railway company has no proprietary and superior right to the part of the street whereon its tracks are placed, and that the duty of exercising due care to avoid collisions rests upon it, as well as upon the owner or driver of other vehicles. But the duty is relative, and in determining in a given case whether either has exercised ordinary care, attention must be paid to the differences to which we have referred. Thus ordinary care and the law of the road require the driver of an ordinary vehicle passing another going in the same direction to drive to the left of the middle of the traveled part of the road. G. S. 1894, § 1946.

Of necessity, no such duty rests upon the street-car company. If the driver of such vehicle is on that part of the street occupied by the railway tracks, and ahead of the cars, but driving slower than the convenience and accommodation of the public demand that the cars should go, such driver has not an equal right with the rail-

way company to keep along the track. His duty is to seasonably get off the tracks, and let the cars pass. So, at a street crossing, whether the company has only an equal right with the traveling public, or a greater or a less right, depends on the circumstances of each particular case,—for example, which one acquired the right of way.

The instruction as given, without qualification, and as the law of this case, was misleading and prejudicial, although given in a case where the collision was at a street crossing, and there was no question as to the duty of the plaintiff to turn out and let the cars pass.

2. The second instruction is open to the criticism that the words "at least," as used therein, suggest to the jury that they were at liberty to impose a higher degree of care upon those in charge of the cars than is required of the owners or drivers of other vehicles. As already suggested, each must exercise ordinary care to avoid a collision, but it by no means follows that those in charge of the cars must exercise in all cases the same, or at least as much, vigilance as the drivers of other vehicles, in order to discharge the duty of exercising ordinary care. It may be greater or less, according to the circumstances of each case. The amount of vigilance to be exercised by the one in a given case cannot be determined by an arbitrary comparison with that required by the other.

3. The trial court, by the third instruction, in effect directed the jury as a matter of law that, if the plaintiff saw the cars approaching at such a distance that he could apparently make the crossing safely, he had a right to attempt it, and that it was not negligence for him to make the attempt without looking a second time for the cars. This was a question of fact for the jury. It was for them, upon the facts of this case, to say whether the plaintiff, although he could apparently make the crossing in safety, was justified, in the exercise of ordinary care, in attempting it without again looking. It was reversible error to give the instruction.

4. The first and second instructions are copies of detached sentences to be found in the opinion of this court in the case of Shea v. St. Paul City Ry. Co., 50 Minn. 395, 52 N. W. 902. Counsel for respondent seems to assume without argument that because the

propositions, when read in connection with their context in an opinion and the question then under consideration, are correct, the action of the trial court in giving them as unqualified rules of law for the guidance of the jury in this case will be sustained. The mere reading of the opinion is a sufficient answer to the suggestion.

The third instruction is a copy of a part of the syllabus to the case of Watson v. Minneapolis St. Ry. Co., 53 Minn. 551, 55 N. W. 742, and, as applied to the facts of that case, it was correct, but, as a general legal proposition, it is not.

As there must be a new trial in this case for the errors indicated, it is unnecessary to consider the other questions presented by the record.

Order reversed, and a new trial granted.