THOMAS H. RILEY v. MINNEAPOLIS STREET RAILWAY COMPANY.[1]

July 11, 1900.

Nos. 12,050—(186).

### Street Railway—Crossing Track without Looking.

As a general rule, it is a question of fact for the jury, to be determined from all the circumstances of each case, whether a party is guilty of negligence in attempting to cross a street-railway track without first looking and listening for approaching cars.

### Same—Contributory Negligence a Question for Jury.

Rule applied, and *held*, that the question of the plaintiff's contributory negligence in this case was one of fact, and not of law.

Action in the district court for Hennepin county to recover $10,-000 for personal injuries. The case was tried before Simpson, J., who directed a verdict in favor of defendant. From an order denying a motion for a new trial, plaintiff appealed. Reversed.

*George S. Grimes*, for appellant.

*Koon, Whelan & Bennett*, for respondent.

START, C. J.

On March 14, 1899, the plaintiff was driving east along the middle of Thirteenth avenue Northeast, in the city of Minneapolis, sitting in a cutter drawn by a single horse. In crossing defendant's railway tracks on Washington street, which intersects the avenue, he was struck by one of its cars going south, and seriously injured. This action was brought to recover damages for such injuries on the ground of the alleged negligence of the defendant. The specific negligence on the part of the defendant alleged in the complaint was that it ran its car over the street crossing at a dangerous rate of speed, without ringing the bell, or giving any signal or warning of its approach. The defense was a denial of any negligence on the part of the defendant, and a claim that the plaintiff was guilty of contributory negligence. At the close of the plaintiff's evidence the trial court instructed the jury to return a verdict for the de-

[1] Reported in 83 N. W. 376.

fendant. The plaintiff appealed from an order denying his motion for a new trial.

The question as to the defendant's negligence was, upon the evidence, clearly one of fact for the jury, and the only question meriting serious consideration is whether the question of the plaintiff's contributory negligence was one of law, as the trial court held.

The plaintiff's own testimony on this question tended to establish these facts: He was familiar with the streets at the place of the accident, the location of the tracks, and the general manner of running cars thereon. His horse was gentle, and was approaching the crossing at a slow trot, but when five feet from the track he was walking. The plaintiff, when his horse was about twenty feet from the track, looked up the street to the north as far as he could see, some fifty feet, and saw no car. He then looked down the street, with like result. After looking both ways, and listening for approaching cars, and seeing or hearing none, he kept on his way. He was looking south when he reached the track, but just as he entered thereon he again looked to the north, and saw the car coming full speed upon him. His horse shied, and the plaintiff reached for his whip, but before he got hold of it the car struck him. Other witnesses called by the plaintiff gave evidence tending to corroborate him. The testimony of some of them was more favorable to the plaintiff than his own. One witness stated that the car was some fifty feet away when the plaintiff drove his horse upon the track. Evidence was also given as to the location of the houses and the existence of snow banks in the vicinity of the crossing, which it is claimed on the part of the plaintiff obstructed, in a measure, his range of vision.

In only one particular can it be reasonably contended upon the facts that the plaintiff was negligent as a matter of law. We refer to his failure to look to the north the second time and listen before driving upon the track. The defendant relies upon the case of Terien v. St. Paul City Ry. Co., 70 Minn. 532, 73 N. W. 412, in support of its claim that such failure was negligence as a matter of law. It is not in point. In that case the injured party looked and listened at a point some distance from where he attempted to cross, and where he was not likely to see the approaching car, and for this rea-

son it was held that he was negligent in not again looking for the car before going upon the track. The case was an exception to the general rule that it is a question of fact for the jury to determine, from all the circumstances of each case, whether a party is guilty of negligence in attempting to cross a street-railway track without first looking and listening for approaching cars. Shea v. St. Paul City Ry. Co., 50 Minn. 395, 52 N. W. 902; Boyer v. St. Paul City Ry. Co., 54 Minn. 127, 55 N. W. 825; Kennedy v. St. Paul City Ry. Co., 59 Minn. 45, 60 N. W. 810; Holmgren v. Twin City R. T. Co., 61 Minn. 85, 63 N. W. 270. The case at bar is within the general rule, for reasonable men might fairly differ in their conclusions whether the plaintiff was guilty of negligence in failing to look the second time before going upon the track. Watson v. Minneapolis S. Ry. Co., 53 Minn 551, 55 N. W. 742.

The evidence in this case, when the plaintiff rested, fairly made a case for the jury upon the question of the defendant's negligence and of the plaintiff's contributory negligence.

Order reversed, and a new trial granted.