HORACE L. HARMON v. CHICAGO & NORTHWESTERN RAILWAY COMPANY.

JOSEPHINE HARMON v. CHICAGO & NORTHWESTERN RAILWAY COMPANY.[1]

April 30, 1909.

Nos. 16,050, 16,051—(56, 57).

**Charge to Jury—Correct in Part, Erroneous in Part.**

In actions brought by a husband and by his wife, respectively, but tried together, both plaintiffs were injured, as the jury found, by defendant's negligence while they were driving across its tracks. The issues of negligence and contributory negligence were submitted to the jury. The trial court charged: "The verdicts found by you will necessarily be both of them either for the plaintiff or the defendant. The evidence would not justify a verdict in one case for the plaintiff and for the defendant in the other." In so far as this instruction concerned the negligence of defendant it was correct; for the same misconduct of defendant was relied upon by both plaintiffs. In so far as this instruction concerned contributory negligence it was erroneous; for the jury might properly have returned a verdict for one plaintiff and not for the other.

Two actions in the district court for Redwood county to recover $1,995 and $1,950 damages respectively for personal injuries sustained while attempting to cross a railroad track. Husband and wife brought separate actions which by consent were tried together before Olsen, J., and a jury which returned a verdict in favor of Horace L. Harmon for $750 and a verdict in favor of Josephine Harmon for $250. From

1 Reported in 120 N. W. 1022.

an order denying defendant's motion for a new trial, it appealed. Reversed and new trial granted.

*Brown, Abbott & Somsen,* for appellant.

*C. T. Howard* and *T. M. Quarton,* for respondents.

JAGGARD, J.

The appeal in this case was taken from the order of the trial court denying defendant's motion for a new trial in two actions tried together. The one was brought by the husband and the other by the wife. They received damages for injuries caused by the negligence of the defendant, as the jury found, while they were undertaking to cross defendant's tracks. The husband was driving a gentle farm team hitched to an ordinary top buggy. The wife sat beside him. In entering the city the public road which they were using crossed the east end of defendant's switchyard and involved passing two switch-tracks before the main track was reached. These two tracks were, respectively, thirty and fourteen feet distant from the main track. At the time of the accident cars were standing thereon. Plaintiffs were obliged to go by the ends of these cars in approaching the main track. The husband, whose vision and hearing were somewhat impaired drove to a place about eight rods distant from the crossing, stopped, looked, and listened. Discovering no evidence of danger, he proceeded. When the horses' heads were on the second track, about fourteen feet from the main track and at the east end of the cars on the side track, an engine passed on the main track, immediately in front of them. The horses started, backed, and broke the buggy pole. Plaintiffs were injured; the husband more seriously than the wife.

1. One assignment of error is addressed to the refusal of the court to charge the jury in accordance with defendant's request, so as to define the exact negligence on which only plaintiffs might prevail. The propriety of the court's action is to be determined by consideration, not only of the pleadings themselves, but also of the course of the trial. An examination of the record in these respects has satisfied us that the case was fully and fairly litigated, and that although the pleadings, after somewhat general statement of negligence, tended to limit defendant's wrong by a more specific allegation, defendant was in no wise prejudiced by the excess of particularity. In brief, while we are

not prepared to say that there may not have been technical or formal error, we are clear that it did not constitute sufficient basis for granting a new trial.

2. The gist of the controversy is this: After the court had charged fully, and, we think, correctly, upon the questions of negligence of the defendant and of the contributory negligence of plaintiffs, and had refused, modified or given requests to charge, it read forms of verdicts to the jury, and then added this instruction, the giving of which is duly assigned as error: "The verdicts found by you will necessarily be, both of them, for the plaintiff or the defendant. The evidence would not justify a verdict in one case for the plaintiff and for the defendant in the other." So far as this instruction concerned the negligence of defendant, it was obviously correct. Both plaintiffs complained of the same misconduct on the part of defendant.

The question arises whether this instruction was not erroneous in assuming that, so far as contributory negligence of the husband and wife, the evidence would not justify a verdict for one and not for the other. The defendant insists that this was substantially prejudicial to it; the plaintiffs' counsel that "it was highly favorable to defendant, and [the wife] might have complained of it, as it imputed to her any possible negligence of her husband."

It is clear that the requirement of care on the part of the wife, who was a passenger, was not the same as the requirement that the husband, who was the driver, should take care. What might have been contributory negligence on the part of the husband would not necessarily have been contributory negligence on the part of the wife. On general principles, the husband might have been precluded from recovery and the wife have been awarded damages. If, as a matter of law, neither party was guilty of contributory negligence, there would have been no error. The record, however, would not justify such a holding; and the trial court expressly submitted to the jury the issue of contributory negligence. The strongest point in plaintiffs' answer to this is: According to the record the defense was that the tugs came unhooked and that the plaintiffs' conduct had no connection with the accident. Further, it is insisted that the wife's participation in the exercise of care by her husband would not leave her in the position of a passenger pure

107 M.—31

and simple.    These considerations were, we think, clearly for the jury.
It follows that a new trial must be granted.

Other assignments of error have been examined, and, under the circumstances presented by this record have been found not to be meritorious.

Reversed and a new trial granted.