## CHARLES G. BLOOMQUIST v. MINNEAPOLIS STREET RAILWAY COMPANY.[1]

December 16, 1910.

Nos. 16,530, 16,531—(105, 106).[2]

**Collision with street car — wilful negligence — verdict.**

Plaintiff, driving in a wagon, parallel with a street car track, undertook to cross in front of a car approaching in the same direction in which he was going. It is *held* that the trial court properly refused to apply the doctrine of wilful negligence in the collision which then occurred.

Two actions in the district court for Hennepin county, one by Charles G. Bloomquist, to recover $16,300 for personal injuries sustained in a collision with defendant's street car, and the other

[1] Reported in 129 N. W. 130.        [2] April, 1910, term calendar.

[Note] Injuries by street car collisions with vehicles or horses, see note in 25 L.R.A. 508.

by him and his partner to recover $350 for injury to property. The facts are stated in the opinion. The answers were general denials. The cases were tried together before Brooks, J., and a jury which returned verdicts in favor of defendant. From orders denying their motions for a new trial, plaintiffs appealed. Affirmed.

*Dodge & Tautges,* for appellants.

*John F. Dahl, W. O. Stout,* and *D. R. Frost,* for respondent.

JAGGARD, J.

Plaintiff and appellant in one action, Bloomquist, was driving a horse and wagon with contents, the property of plaintiff and appellant partnership in another action, Bloomquist & Co., on the left-hand side of the street going north because the right-hand side was unsafe and otherwise undesirable. The car of defendant and respondent street car company was being operated by it on the right-hand side of the street going north. There was occasion for use of considerable care by defendant in the management of its cars at this point. At a public crossing plaintiff Bloomquist undertook to drive across the street car track. A collision occurred. Damage resulted. Plaintiff brought one action to recover for personal injuries. The partnership brought another action to recover damage done to its horse, wagon, and contents. Both cases were submitted to the jury. Verdicts were found for the defendant. This appeal was taken from the order of the trial court denying plaintiff's motion for a new trial in each case.

1. Plaintiffs insist that the verdicts were not justified by the evidence. This raises an issue of pure fact. An examination of the record in the light of defendant's brief has satisfied us that it contains some evidence reasonably tending to sustain the verdicts. Its detailed discussion would merely incumber the reports. Under the familiar rule on the subject we feel constrained to affirm the verdict.

2. Plaintiff further urges that the doctrine of wilful negligence or the doctrine of the last clear chance applied to the facts in this case, and that the trial court was in error because it refused to give proper requests and in other wise to charge thereto. The dispute

as to the law on this point was determined by the majority opinion in Anderson v. Minneapolis, St. P. & S. S. M. Ry. Co., 103 Minn. 224, 114 N. W. 1123. Its further discussion would serve no useful purpose. The rule in Rawitzer v. St. Paul City Ry. Co., 98 Minn. 294, 108 N. W. 271, and the Anderson case either is the same or else the Rawitzer case must be regarded as having been overruled by the Anderson case. The only question here is whether the court properly refused to apply that doctrine to this case.

The motoneer testified that he was passing a shaving wagon going north on the right hand. He was then going three or four miles an hour. "Just as soon as I cleared that [about fifteen or twenty feet past the shaving wagon] I let off the brakes and then looked around and Mr. Bloomquist was about fifty-five feet away then, when he started to cross the tracks." In another place the witness estimated the distance at seventy-five feet. When the brake was released "the car started off down hill pretty quick" at eight or nine miles an hour. It may not be impossible, but it is unreasonable, to strain plaintiff's testimony into sustaining the inference that the distance between the point thus fixed by the motoneer where the car was when Bloomquist started to cross the track and the point of collision as being a larger distance, from one hundred to one hundred fifty feet. Without doubt the view of this testimony most favorable to plaintiff must be taken. On the facts as so viewed, if the law imposed on plaintiff the duty of exercising care to avoid the damaging consequences of plaintiff's own neglect at the point where defendant readily could and reasonably should have discovered plaintiff's peril, then the question of defendant's responsibility would probably have been for the jury.

Whether the same conclusion would follow under the accepted doctrine of "wilful negligence" is not so clear. The writer of this opinion confesses his inability to apply that doctrine with any degree of certainty, and is convinced by this case, among others, of the fallacies inevitably consequent upon the use of that inconsistent term. At all events defendant's liability must be determined by reference to the conduct of the motoneer subsequent to the time at which he first actually discovered Bloomquist in a position of peril. If he

was not guilty of wilful negligence in that conduct the defendant is not liable.

The evidence is to the effect that from that point he did all any one could have done to have stopped the car. It is true there is testimony that he did not give notice or warning of the approach of the car to Bloomquist, who was apparently oblivious of the dangers. But it is not evident that to have given such notice or warning would have helped Bloomquist or would have avoided the harm here complained of. The motoneer was occupied trying to stop the car. The trial court may properly have regarded the fact that the motoneer did not give notice or warning or take other steps as due to the necessity imposed by the emergency of using the small fraction of time available in trying to stop the car. If the motoneer's judgment in that respect was not good, defendant's liability would not follow because of that emergency feature.

The majority of the court are of the opinion that there was no evidence of wilful negligence; and that plaintiff did not bear the proof [burden] resting on him to show failure to exercise due care to avoid injury to Bloomquist on the wagon after the motoneer actually discovered the peril which Bloomquist's own negligence created. Judges Brown and O'Brien are of the opinion "that the evidence tends to show that the motoneer discovered plaintiff on the track in a position of peril in ample time to have stopped the car; yet he made no effort to do so until it was too late. The question of wilful negligence should therefore have been submitted to the jury. Rawitzer v. St. Paul City Ry. Co., 93 Minn. 84 [100 N. W. 664]."

3. Plaintiff assigns as error the trial court's charge that "the issues in the cases are the same except as to the damages alleged and claimed, and if a verdict should be returned against the defendant in one case, it should be returned in both. * * * If a verdict should be returned in favor of the defendant in one case, then the defendant is entitled to a verdict in both cases." The court elsewhere charged as to damages. The language here objected to was not error under the circumstances. The principle of Harmon v. Chicago & N. W. Ry. Co., 107 Minn. 479, 120 N. W. 1022, does not apply.

4. Of the other assignments only one do we regard as material. The court gave the conventional charge as to the reciprocal rights and duties of the driver of the team about to cross a street railway track and of the company operating a car thereon under the circumstances here presented. Taken as a whole the charge was correct. In some parts there was verbal inaccuracy. Attention of the trial court should have been called to this informality before the jury retired. The case is within the rule of Steinbauer v. Stone, 85 Minn. 274, 88 N. W. 754.

Affirmed.

On January 6, 1911, the following opinion was filed:

PER CURIAM.

This cause having been reargued on appellant's motion, and further considered by the court, we are of the opinion that the original decision must be, and it is, adhered to.

Order affirmed.