## CAVOUR S. LANGDON v. MINNEAPOLIS STREET RAILWAY COMPANY.

## FRANK D. BLAKELEY v. MINNEAPOLIS STREET RAILWAY COMPANY.[1]

December 13, 1912.

Nos. 17,742, 17,743—(76, 77).

**Street railway — verdict sustained by evidence.**

In an action for damages for injuries received by plaintiff as a result of a collision between one of defendant's street cars and plaintiffs' carriage or cab, the evidence is *held* sufficient to sustain a verdict of negligence against defendant.

**Question for jury.**

There was evidence tending in a measure to support the charge of wilful negligence, and it is *held,* although the evidence in this respect left the question in some doubt, that there was no reversible error in its submission to the jury.

[1] Reported in 138 N. W. 790.

-----

Note.—As to injuries by street car collisions with vehicles or horses generally, see note in 25 L.R.A. 508.

For evidence as to speed of street cars, see note in 34 L.R.A.(N.S.) 784.

Operating street car at speed in excess of that prescribed by ordinance as negligence or evidence or negligence, see note in 8 L.R.A.(N.S.) 1093.

As to right of motorman to assume that person on track will get out of way, see note in 21 L.R.A.(N.S.) 880.

**Objection to evidence construed.**

The general objection that certain documents prepared by defendant's motorman, offered in evidence by plaintiffs, were immaterial and incompetent, and not impeaching, *held* not to raise the question whether the documents were privileged communications between defendant and its employee.

Two actions in the district court for Hennepin county, one by Cavour S. Langdon, as guardian of Bertha Shaw Blakeley, an incompetent person, to recover $50,000 for personal injuries, and the other by Frank D. Blakeley, to recover $40,000 for personal injuries and $10,000 for the loss of the services and society of his wife. The cases were tried together before Dickinson, J., and a jury which returned a verdict in favor of plaintiff in the first action for $33,615.37, and in the second action for $16,026.15. From orders denying defendant's motions for judgment notwithstanding the verdict in each case or for a new trial, it appealed. Affirmed.

*John F. Dahl, W. O. Stout* and *N. M. Thygeson,* for appellant.
*Butler & Mitchell,* for respondents.

BROWN, J.

These two actions, brought to recover damages for personal injuries alleged to have been caused by the negligence of defendant, were consolidated and tried together in the court below resulting in verdicts for plaintiffs. Defendant appealed from an order denying its alternative motion for judgment or a new trial.

On November 20, 1908, at about seven o'clock in the evening, plaintiffs, husband and wife, were proceeding from their residence in the city of Minneapolis, in a cab or closed carriage, hired by the husband for the particular occasion, to the residence of a neighbor residing a short distance away, and while crossing Nicollet avenue, along and upon which defendant operates its line of street railway, at the intersection thereof with Franklin avenue, the cab was struck by a street car with such force and violence as to totally demolish the vehicle and inflict upon plaintiffs serious and permanent injuries. Plaintiffs charged in their complaints that the accident and resulting injury to them were caused solely from the negligent operation of the street car in this: (1) That it was run at an excessive and

unlawful rate of speed; (2) that no warning of the approach of the car was given by sounding the car bell or otherwise; (3) that the car was not under proper control as it approached the street crossing; and (4) that defendant was guilty of wilful negligence, in that the motorman in charge of the car failed to exercise reasonable care to avert the collision after discovering plaintiffs' peril. Defendant by its answer put in issue the charge of negligence on its part, and affirmatively alleged that the accident was occasioned by the negligence of plaintiffs and the driver of the cab who, the answer further alleged, was their agent and servant. The trial below centered around the question of defendant's negligence in the respects alleged in the complaint, and the damages suffered by plaintiffs. There was no evidence of negligence on the part of plaintiffs and the court instructed the jury that the negligence of the cab driver was not imputable to them. So that the defense of contributory negligence was eliminated from the case. The jury returned verdicts for both plaintiffs.

It is contended on this appeal, in support of the claim that the court below erred in denying defendant's motion for judgment notwithstanding the verdict, that the evidence wholly fails to make a case of negligence on the part of defendant in any of the respects alleged in the complaint. In support of the motion for a new trial it is contended, (1) that the court below erred in certain of its rulings on the admission and exclusion of evidence, and in its charge to the jury, and (2) misconduct on the part of plaintiffs' counsel.

1. We find no difficulty in concurring with the trial court that the evidence made the question of defendant's negligence one of fact for the consideration of the jury. The street car causing the injury to plaintiffs was being operated upon Nicollet avenue, over and across which are extended numerous streets and avenues much frequented and used by the public, though the evidence of the motorman was to the effect that there was little travel upon the side streets at that particular hour of the day. The car was proceeding south, and at the intersection with Franklin avenue, the place of the accident, and for some distance below, up a grade. The evidence tends to show that the car was being run at an excessive rate of speed; the

witnesses differing in their estimates all the way from fifteen to thirty-three miles an hour. It also tends to show that the motorman in charge failed to sound the gong or bell of his car, or otherwise give warning of the approach of the car, as he neared the street crossing; that the same speed of the car was maintained up to the time of the collision, hence that the car was not under proper control. This evidence, if satisfactory to the jury, justified the conclusion of a negligent operation of the car, and that such negligence was the proximate cause of the injury to plaintiffs. Shea v. St. Paul City Ry. Co. 50 Minn. 395, 52 N. W. 902; Holmgren v. Twin City Rapid Transit Co. 61 Minn. 85, 63 N. W. 270; Smith v. Minneapolis Street Ry. Co. 95 Minn. 254, 104 N. W. 16. A further discussion of the evidence upon this subject would serve no useful purpose.

There is nothing unusual in the facts presented, or which differentiates the case from the ordinary case of a collision at a street intersection between a street car and a passing vehicle. The evidence tended to show the excessive speed of the car, the failure to give the usual warnings of its approach, and the failure of the motorman to have proper control of the car, where control was necessary. The motorman was bound to anticipate the probable presence of pedestrians or vehicles at street crossings of the location and character of this one, and it was incumbent upon him to so manage his car that a collision with a vehicle, should one appear, could, if possible, be averted. It was also his duty to give the usual warnings of the approach of the car, and to limit the speed thereof to that prescribed by law as not dangerous or excessive. It is urged that the signals alleged to have been omitted by the motorman would have been unavailing had they been given; that it was not negligence to fail to give such warning, for the approaching car could plainly have been seen by the driver of the cab long before he reached the car track. It is probable, had the action been by the driver of the cab to recover for his injuries, defendant's contention would be well founded. But the cab driver's conduct is not involved in the action. The court below charged the jury that his negligence could not be charged to plaintiffs, and of that instruction no complaint is made. Plaintiffs,

within the closed carriage, had the right to assume that defendant would discharge its full duty to the traveling public; that it would give timely warning of the approach of its cars at street intersections, operate its cars at a proper rate of speed and keep them under reasonable control at points where pedestrians or vehicles might be expected to suddenly emerge from side streets. The negligence of the cab driver may be conceded, but that does not relieve the defendant from its negligence, under the law of the case as stated in the instructions of the court.

2. Defendant complains of the reception in evidence of exhibits "I" and "J". Exhibit "I" was a report of the accident made by the motorman to defendant the day following, and stated from the viewpoint of the motorman the facts and conditions surrounding the same. Exhibit "J" was a chart or plat made by the motorman showing the situation, the location of the car following the collision, the location of the cab and the bodies of the injured parties and, as we understand it, the point at which the motorman first noticed the oncoming cab. It was brought out on the cross-examination of the motorman that these documents had been made by him or under his direction, and upon request of counsel for plaintiffs counsel for defendant produced them. They were made the basis of some further cross-examination, and were then offered in evidence. They were objected to by defendant as incompetent and immaterial, and not impeaching in character. We think the documents as against the particular objection were properly received in evidence. They were in substance and effect declarations of the witness made soon after the accident, and were in some respects at least at variance with the testimony given by him at the trial. Exhibit "I," the report of the accident, contained no reference to the claim made by the witness on the trial that the horses attached to the cab were running away, or approaching the street "on the jump," and tended to contradict him in that respect. If the horses were in fact running away, it is fair to assume that that witness would have referred to that fact in his written report to the company. We hold that the documents were, as against the particular objection, properly received in evidence. The further contention that they were inadmissible because in the nature

of a confidential communication, and therefore privileged, (Booth, Street Railways, 399) was not included in the objection made on the trial and cannot therefore be considered. The objection that the documents were "incompetent and immaterial, and not impeachment," did not call to the attention of the trial court the point now made that they were privileged. Graves v. Bonness, 97 Minn. 278, 107 N. W. 163.

3. The question whether the court erred in submitting to the jury the issue of wilful negligence, presents the only other subject requiring special mention. Our examination of the record discloses no error of a character to justify a new trial, unless it be this particular instruction. We have given this feature of the case careful consideration, and as a result thereof hold, conceding the doubtfulness of plaintiffs' claim that they were entitled to a submission of the question to the jury, that no prejudice resulted therefrom.

There was some evidence tending directly to show a failure on the part of the motorman to exercise reasonable care to avert the collision after discovering plaintiffs' peril. He discovered the carriage coming toward the car track on a run, a clear indication that the driver thereof did not intend to stop for the car to pass, if he noticed it coming, or could not do so because the horses were running away, as the motorman supposed, and it was, in view of the situation, incumbent upon the motorman immediately to take measures to avoid a collision, or in some manner draw the attention of the cab driver to the fact that the car was approaching. The precise distance between the cab and car, when the motorman was first apprised of the situation, was a question in some dispute on the evidence. But there was evidence that no effort to stop the car was made until the time of the collision. Passengers on the car testified that efforts to stop the car were made at the moment the collision occurred and not before. The witnesses so testifying, particularly one of them, who through the car window noticed the approaching cab, were in position to judge, with some degree of accuracy, whether the efforts to stop the car and the collision were simultaneous. The force and effect of this evidence, considered in connection with the circumstances presented, and the

testimony of the motorman on the subject, were for the jury to determine.

It may be conceded that the evidence, taken as a whole, does not leave the question entirely free from doubt. But since the negligence of defendant in other respects charged in the complaint was, as to plaintiffs, shown by ample and sufficient evidence, it seems beyond question that no prejudice resulted from the submission of the particular question. It is not at all probable that the jury considered that feature of the case, the evidence upon the other branches of negligence, as to plaintiffs who were not responsible for the conduct of the cab driver, being so clear and free from doubt. Had the evidence of negligence in the other respects been doubtful an entirely different question would be presented. There was no fair doubt in that respect. The case of Bloomquist v. Minneapolis St. Ry. Co. 113 Minn. 12, 129 N. W. 130, is not in point. The trial court there refused to submit the question of wilful negligence, and the refusal was sustained. Wilful negligence was, in that case, the only basis upon which plaintiff therein could recover, the jury having found adversely to him upon all other questions. That is not the situation in the case at bar. We therefore hold that there was no error in the submission of the particular question to the jury. There was some evidence to support it, and, in any event we are clear that it was not prejudicial.

4. We find no ground for reversal in the alleged misconduct of plaintiffs' counsel in his address to the jury. The attention of the trial court was not directly called to any prejudicial statements, no ruling invoked, nor exception noted, and the case comes within the rule applied in State v. Frelinghuysen, 43 Minn. 265, 45 N. W. 432; Corrigan v. Elsinger, 81 Minn. 42, 83 N. W. 492; Ludwig v. Spicer, 99 Minn. 400, 109 N. W. 832.

This covers all the assignments calling for special mention and results in the conclusion that no reversible errors were committed on the trial, and the order appealed from must be affirmed.

Order affirmed.