## JOHN HEIDEN v. MINNEAPOLIS STREET RAILWAY COMPANY.[1]

December 29, 1922.

No. 23,129.

**Motorman must have control of street car after dark.**

1. It is the duty of a motorman operating a street car after dark to have it under such control that, when the rays of the headlight enable him to discern a vehicle on the track, he can stop the car in time to avoid a collision.

**Proper to refuse request to charge which is inapplicable to the facts of the case.**

2. There is no error in refusing to give a requested instruction containing a correct abstract statement of legal principles not applicable to the facts disclosed by the evidence.

**Contributory negligence not proved by failure to comply with statute.**

3. The failure to comply with section 2634, G. S. 1913, relating to the duties of the drivers of horse-drawn vehicles on city streets, is not conclusive evidence of contributory negligence.

[1]Reported in 191 N. W. 254.

Action in the municipal court of Minneapolis to recover $725.50 for injuries to plaintiff's person and property. The case was tried before Charles L. Smith, J., who at the close of the testimony denied defendant's motion for a directed verdict, and a jury which returned a verdict for $450. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*John F. Dulebohn, W. D. Dwyer* and *Ralph T. Boardman*, for appellant.

*A. X. Schall, Jr.* and *J. H. Green*, for respondent.

LEES, C.

Action for damages for injuries to plaintiff's team and wagon, caused when the wagon was struck by one of defendant's street cars in the city of Minneapolis. The complaint charged defendant with negligence in the management and operation of the car. The answer was a denial, coupled with a charge of contributory negligence. There was a trial by jury. Defendant's request for a directed verdict was denied and the jury instructed that defendant was negligent as charged, and that plaintiff was entitled to a verdict for some amount unless contributory negligence had been proven. The verdict was in plaintiff's favor and defendant has appealed from a denial of its alternative motion for judgment or a new trial.

1. Was defendant's negligence conclusively established? The accident happened on Minnehaha avenue, where there are double street car tracks. Plaintiff was driving north, his team walking astride the outer rail of the easterly or north bound track. The car came up behind him and struck his wagon. The time was 4:30 o'clock in the morning of a day in August. Rain was falling, accompanied by thunder and lightning. The motorman first saw the wagon when it was about 100 feet away, the distance illuminated by the headlight, and the car, which was running at a speed of 20 or 25 miles an hour, could not be stopped until it had run 50 feet beyond the place where the collision occurred. Minnehaha avenue is 50 feet wide and is paved from curb to curb. It was not necessary

for plaintiff to drive along the car track, as there was ample room on the side of the street.

At the time of the accident plaintiff was in a place where he had to be, for it is well settled that there is no priority of right between a vehicle on a street and a street car on its track. Bremer v. St. Paul City Ry. Co. 107 Minn. 326, 120 N. W. 382, 21 L. R. A. (N. S.) 887; Pickell v. St. Paul City Ry. Co. 120 Minn. 340, 139 N. W. 616. The rule is that a person who drives upon a street car track between street intersections is not a trespasser. But it is his duty to get off the track and give way to moving cars, and to that extent his rights are not equal to those of the street car company. Wilson v. Minneapolis St. Ry. Co. 74 Minn. 436, 77 N. W. 238; Nellis, Street Railways, § 389. The motorman was not warranted in assuming that no one would be on the track, and, because of the storm and darkness, he was required to proceed with extra caution. Boyer v. St. Paul City Ry. Co. 54 Minn. 127, 55 N. W. 825. He admitted that he did not see and could not have seen the wagon until he was within 100 feet of it, and that he could not stop the car within that distance. In our opinion, the only conclusion which could be drawn from his testimony was that he was guilty of negligence. We hold that it is the duty of a motorman operating a street car after dark to have it under such control that, when the rays of the headlight enable him to discern a vehicle on the track, he can stop the car in time to avoid a collision. This rule finds support in LaPontney v. Sheddan Cartage Co. 116 Mich. 514, 74 N. W. 712; Fischer v. Michigan Ry. Co. 203 Mich. 668, 169 N. W. 819; Gilmore v. Federal Ry. Co. 153 Pa. St. 31, 25 Atl. 651, 34 Am. St. 682; Currie v. Consolidated Ry. Co. 81 Conn. 383, 71 Atl. 356; Calumet Co. v. Lynholm, 70 Ill. App. 371.

There is an analogy in a line of cases involving the operation of automobiles. Without reference to statutory regulations respecting speed or lights, it is held that one driving after dark is chargeable with negligence if he fails to manage his automobile in such a manner that he cannot stop and avoid striking an obstruction within the distance illuminated by the lights on the car. Lauson v. Town of Fond du Lac, 141 Wis. 57, 123 N. W. 629, 25 L. R. A. (N. S.) 140,

135 Am. St. 30; Fisher v. O'Brien, 99 Kan. 621, 162 Pac. 317, L. R. A. 1917F, 610; West Construction Co. v. White, 130 Tenn. 520, 172 S. W. 301.

2. The second and third assignments of error go to the court's refusal to give defendant's requested instruction No. 5. The first half of the request consisted of a correct abstract statement of the reciprocal rights and duties of persons using public highways. But, if the court was right in charging the jury that defendant was negligent as a matter of law, there was no room for the application of the legal principles set forth, and hence the request was properly refused. McClure v. Village of Browns Valley, 143 Minn. 339, 173 N. W. 672, 5 A. L. R. 1168; Rosenberg v. Nelson, 145 Minn. 455, 177 N. W. 659. The second half of the request was based on the unwarranted assumption that there was evidence showing that plaintiff knew or should have known that the street car was coming up behind him and yet continued on his course without turning his team away from the track. The court was right in refusing to give the whole or any part of the proposed instruction. 3 Dunnell, Minn. Dig. § 9774.

3. An ordinance of the city of Minneapolis provides that street cars have the right of way over other vehicles between cross streets and that the drivers of all other vehicles shall yield the right of way upon signal from the motorman. Defendant requested an instruction that, if plaintiff disobeyed the ordinance and thereby contributed to cause the injuries complained of, he could not recover. The court properly refused to give the instruction. There was no evidence tending to show that the motorman signaled plaintiff to turn off the track. On the contrary, the evidence clearly shows that no signal was given until it was too late to serve any purpose.

4. Section 2634, G. S. 1913, contains this provision:

"In cities  *  *  *  or any place where traffic is large, or on streets usually congested with traffic of horse drawn vehicles or street cars, slow moving vehicles must keep near the right curb, allowing those moving rapidly to keep nearer the center of the street."

Defendant insists that its motion for a directed verdict should have been granted because plaintiff did not observe the statute and, therefore, was guilty of contributory negligence as a matter of law. The rule in this state is that the violation of a statute or ordinance is not conclusive evidence of contributory negligence, but is merely a circumstance to be considered with all the evidence in the case bearing upon plaintiff's conduct. Schaar v. Conforth, 128 Minn. 460, 151 N. W. 275, and cases cited therein. There was no error in the refusal to direct a verdict.

All other assignments of error have been considered, but are not important enough to warrant discussion.

Order affirmed.