EMMELINE D. KIMPELL v. DULUTH STREET RAILWAY COMPANY.[1]

April 23, 1926.

No. 25,008.

**Evidence did not prove defendant was negligent.**

1. In an action to recover damages sustained by the plaintiff in a collision between an auto in which she was riding and a street car of the defendant the evidence did not require a finding that the defendant was negligent.

[1]Reported in 208 N. W. 759.

**Charge to jury sufficient.**

   2.  The charge sufficiently presented the issues.

     Street Railroads, 36 Cyc. p. 1560 n. 74; p. 1600 n. 17; p. 1601 n. 18; p. 1604 n. 28; p. 1611 n. 64; p. 1640 n. 17; p. 1641 n. 23.

Action in the district court for St. Louis county. The case was tried before Kenny, J., and a jury which returned a verdict in favor of defendant. Plaintiff appealed from an order denying her motion for a new trial. Affirmed.

*W. A. Pittenger* and *Leslie S. High,* for appellant.

*G. A. E. Finlayson,* for respondent.

DIBELL, J.

Action to recover for personal injuries sustained by the plaintiff while riding in an auto which came into collision with a car of the defendant street railway company. There was a verdict for the defendant and the plaintiff appeals from the order denying her motion for a new trial.

1. The plaintiff and her husband were riding in an auto going south on the westerly side of Tower avenue in Superior, Wisconsin, about 8:30 in the evening of August 21, 1924. They had come from Duluth. The auto was struck by a street car coming from the south. Where the accident occurred there was a single street railway track, built on the westerly side of the center of the street, apparently in contemplation of the construction of another track on the easterly side to make a double track. There was a paved driveway on the westerly side, and a paved driveway on the easterly side. The night was foggy. The plaintiff's husband was driving upon the paved driveway and turned immediately in front of the street car when 80 or 90 feet away, or at least the jury could so find from the evidence. There was nothing in the situation compelling a finding that the defendant's motorman was negligent either in respect of speed, or maintaining a lookout, or in failing to do what should have been done to avoid an accident. The court charged that the negligence of her husband was not imputed to the plaintiff, and the only question was that of the defendant's negligence. That was

not to be declared by the court in favor of the plaintiff. The verdict should stand unless there was error in the charge.

2. If the testimony in behalf of the defendant was true the auto turned directly in front of the streetcar so as to make a collision substantially unavoidable. The plaintiff particularly objects to the refusal of the court to give a requested instruction to the effect that it is the duty of a motorman operating a streetcar after dark to have it under such control that when the rays of the headlight enable him to see a vehicle on the track in front of him he can stop his car and avoid a collision. The instruction is based on Heiden v. M. St. Ry. Co. 154 Minn. 102, 191 N. W. 254. The record did not require the giving of this instruction. The testimony of the motorman was that he saw the auto some time before it turned onto the railway track in front of him, but that it was on the pavement and not on the track. There is no claim that he did not see it in time to stop, but rather that there was no need of stopping, until it turned in front of him. The rule of the Heiden case does not apply in the way urged. The charge covered the general subject of the duty of the motorman to keep a lookout and be on the watch for dangers. The case was fairly submitted.

Order affirmed.