JOHN J. MORAN *vs.* EASTERN RY. CO. OF MINNESOTA.

Argued Dec. 22, 1891.   Decided Jan. 18, 1892.

**Evidence—Work was for Defendant.**—Evidence considered, and *held* there
is none tending to prove that defendant was doing certain work for an-
other company, and not for itself.

**Railway, when Subject to Coemploye's Statute.**—A railroad company
operating a line composed of the lines or tracks of several different com-
panies comes within the provisions of Laws 1887, ch. 13.

**Same—Proviso—Work not within.**—Work done in constructing a yard
with tracks in it, to be used in connection with and as a part of a line of
railroad already open to the public, does not come within the proviso to
that act. *Schneider* v. *Chicago, B. & N. R. Co.,* 42 Minn. 68, followed.

**Bell not Rung at Starting—Negligence.**—Where a crew of men were work-
ing on a construction train hauling earth, and it was the custom for them,
when the train was loaded, to get upon it and ride to the place where the
earth was to be deposited, and it was also the custom before starting the
train for the engineer to ring the bell as a signal that the train was about
to start, the jury may find it negligence in respect to one of the men get-
ting upon the train to start it without ringing the bell.

**Evidence — Affirmative — Negative Value of on Issue Whether Bell
was Rung.**—When the issue is as to the making of a noise, such as the
ringing of a bell, the testimony of a witness that he did not hear it rung
is of itself, as against direct and positive testimony that it was rung, no
evidence that it did not ring; but taken in connection with evidence
showing that he could, and probably would, have heard it, had it rung, it
is evidence to go to the jury that it did not ring.

Appeal by defendant from an order of the district court of St.
Louis county, *Stearns,* J., made July 11, 1891, refusing a new trial.

Action by John J. Moran, an employe, against the Eastern Rail-
way Company of Minnesota, to recover damages for the loss of his
arm and permanent injuries to his back.  He was with others at
work August 17, 1889, with a gravel train, filling the ground for a
yard.  When the cars were loaded the foreman told plaintiff to get

upon the train, and to hurry, as the train would not wait. He attempted to climb upon one of the cars, and, the train starting, he fell and received these injuries. The negligence of which he complains is the failure of defendant to ring the bell upon the engine before starting the train.

On the trial, January 8, 1891, defendant requested the judge to direct the jury to return a verdict for defendant upon the ground that there was no proof that plaintiff's injuries were caused by any negligence on the part of the defendant; that the plaintiff was guilty of contributory negligence; that the case was within the proviso of Laws 1887, ch. 13, § 1. The request was refused, defendant excepted, and the jury found for plaintiff, and assessed his damages at $13,000.

Defendant moved the court for a new trial, on the ground that the verdict was not justified by the evidence, and was contrary to law, and for errors in law occurring at the trial and excepted to by defendant, and because the damages were excessive. The motion was denied, and defendant appealed from the order.

*James Spencer* and *M. D. Grover*, for appellant.

No negligence was proved against the defendant. In order to establish negligence, it must be shown that there was a want of that care which the exercise of ordinary prudence, under the circumstances, required. Shear. & R. Neg. §§ 4–12; *Hartfield* v. *Roper*, 21 Wend. 615; *Brown* v. *Kendall*, 6 Cush. 292; *Losee* v. *Buchanan*, 51 N. Y. 476.

In this case the only negligence alleged or attempted to be proved was the omission to ring the bell upon the engine before starting the train. Whether or not the bell was rung was the only question of negligence submitted to the jury. The evidence was not sufficient to support the finding that the bell was not rung. The testimony of the witnesses in behalf of the plaintiff merely shows that they did not hear the bell ring, confessedly not having their attention called to it, or paying any special attention as to whether it was rung or not. The evidence on behalf of the defendant showed affirmatively and positively, by the persons who rang the bell and others who stood by and saw and heard it ring, that it was rung.

It is a rule of evidence that a witness who testifies to an affirma-

tive is entitled to credit in preference to one who testifies to a negative; the latter may have forgotten what actually occurred, or may not have noticed what did occur, while it is impossible to remember what never existed. *Stitt* v. *Huidekopers,* 17 Wall. 384; *Bohan* v. *Milwaukee, L. S. & W. Ry. Co.,* 61 Wis. 391; *Chicago & R. I. R. Co.* v. *Still,* 19 Ill. 499; *Chicago & A. Ry. Co.* v. *Gretzner,* 46 Ill. 75; *Chicago, B. & Q. Ry. Co.* v. *Stumps,* 55 Ill. 367; *Culhane* v. *New York Cent. & H. R. R. Co.,* 60 N. Y. 133, 137; *McKeever* v. *New York Cent. & H. R. R. Co.,* 88 N. Y. 667; *Longenecker* v. *Pennsylvania Ry. Co.,* 105 Pa. St. 328.

There are but two instances where the rule as stated in the authorities before cited, as to the weight to be given to the negative testimony of this character, is held not to apply:

*First.* Where the negative witnesses had their attention specially directed to the train at the time, and to whether or not the signals were given, and were listening particularly for the signal or waiting for it. *Urbanek* v. *Chicago, M. & St. P. Ry. Co.,* 47 Wis. 59; *Chicago, B. & Q. Ry. Co.* v. *Dickson,* 88 Ill. 431; *Berg* v. *Chicago, M. & St. P. Ry. Co.,* 50 Wis. 419; *Renwick* v. *New York Cent. Ry. Co.,* 36 N. Y. 132; *Kansas Pac. Ry. Co.* v. *Richardson,* 25 Kan. 391.

*Second.* Where there is evidence that the signal was given, and the negative witnesses, having been in a position to hear it, swear positively, not merely that they did not hear it, but *that it was not given.* In such case the positive testimony of the witnesses that the signal was given or the bell rung, opposed to the positive testimony of the witnesses that the signal was not given or the bell not rung, makes a case for the jury, when mere evidence that witnesses did not hear it does not. *Voak* v. *Northern Cent. Ry. Co.,* 75 N. Y. 320; *Renwick* v. *New York Cent. Ry. Co.,* 36 N. Y. 132; *Byrne* v. *New York Cent. & H. R. R. Co.,* 14 Hun, 322; *Dublin, W. & W. Ry. Co.* v. *Slattery,* L. R. 3 App. Cas. 1155; *Kansas City, Ft. S. & G. Ry. Co.* v. *Lane,* 33 Kan. 702.

The failure to ring the bell, even assuming that it was not rung, was not the proximate cause of the injury, and did not contribute to it, and hence the plaintiff is not entitled to recover.

The injuries complained of were sustained by the plaintiff while he

was an employe or servant of the defendant, and engaged in the construction of a new railroad, no part of which was open to public use or travel, and were occasioned by the negligence of a coemploye. The plaintiff is therefore within the proviso to Laws 1887, ch. 13, § 1, and the liability of the defendant is to be determined by the rules of the common law. *Deppe* v. *Chicago, R. I. & P. Ry. Co.,* 36 Iowa, 52; *Frandsen* v. *Chicago, R. I. & P. Ry. Co.,* Id. 372; *Pyne* v. *Chicago, B. & Q. Ry. Co.,* 54 Iowa, 223; *Schroeder* v. *Chicago, R. I. & P. Ry. Co.,* 41 Iowa, 344; *Smith* v. *Burlington, C. R. & N. Ry. Co.,* 59 Iowa, 73; *Lavallee* v. *St. Paul, M. & M. Ry. Co.,* 40 Minn. 249; *Johnson* v. *St. Paul & D. Ry. Co.,* 43 Minn. 222.

The plaintiff and the men engaged in running the construction train were coemployes. *Randall* v. *Baltimore & O. Ry. Co.,* 109 U. S. 478.

In the following cases it has been held that a section man and an engineer were coemployes. *Randall* v. *Baltimore & O. Ry. Co.,* 109 U. S. 478; *Clifford* v. *Old Colony R. Co.,* 141 Mass. 564; *Collins* v. *St. Paul & S. C. Ry. Co.,* 30 Minn. 31; *Whaalan* v. *Mad River & L. E. Ry. Co.,* 8 Ohio St. 249.

In the following cases it was held that a shoveler and men engaged in running trains were coemployes. *Foster* v. *Minnesota Cent. Ry. Co.,* 14 Minn. 360, (Gil. 277;) *Capper* v. *Louisville, E. & St. L. Ry. Co.,* 103 Ind. 305; *Henry* v. *Staten Island Ry. Co.,* 81 N. Y. 373; *Russell* v. *Hudson River Ry. Co.,* 17 N. Y. 134.

*Phelps & Martin* and *O. W. Baldwin,* for respondent.

GILFILLAN, C. J.    Action for a personal injury alleged to have been caused by the negligence of a locomotive engineer in the employment of defendant while plaintiff was also in its employment. It appears that at the time of and for some time prior to the injury the defendant, a railroad corporation, was engaged in operating a line of railroad between St. Paul and Duluth, using for that purpose the track of the St. Paul, Minneapolis & Manitoba Railway Company from St. Paul to Hinckley, its own track from Hinckley to West Superior, and the bridge and track of the Northern Pacific Railway Company from West Superior to the Union Depot, or depot of the St. Paul & Duluth Railway Company, in Duluth, and used said depot,

and the yards connected with it, in transacting its business, and was engaged in constructing, on land owned by itself, a depot and yards adjacent to the yards of the St. Paul & Duluth. There was also another railway company called the "Duluth Terminal Railway Company," organized for the purpose of building, operating, and maintaining a line or lines of railway along and upon the shores of Superior bay and St. Louis bay, and across Superior bay from Rice's point to Minnesota point, and such branch lines as may be determined on by its board of directors from any point on its main line to any point or points in the state of Minnesota. It appears that the tracks of this company were, at the time of the injury, in process of construction, and not completed, so as to be open to public travel or use. There was a contract between this company and the defendant by which the latter undertook to construct for the former at least two miles of railway ready for operation before the 14th day of May, 1889, including an elevated line of single-track railway from a point of connection with the Superior Short-Line Railway, or other line of railway, near, and furnishing connection with, the north end of the Northern Pacific Railroad bridge on Rice's point, in the city of Duluth, to the easterly end of Railroad alley, in said city, a street running alongside of the yards of defendant which it was constructing. The defendant claims that at the time of the injury it was, as a contractor, doing the work it had thus stipulated to do, and that the plaintiff and those with whom he was at work were working for it in doing that work, and that consequently it does not come within Laws 1887, ch. 13, and that its liability to plaintiff is to be measured by the common-law rule in respect to the liability of a master to one servant for an injury caused by the negligence of a fellow servant. But there was no evidence to prove the fact which is assumed as the basis of this proposition of law, to wit, that at the time of the injury the defendant was doing the work in which plaintiff was engaged for the terminal company under the contract above referred to. The work was hauling sand or earth, and with it grading or surfacing the yard of defendant and two tracks in the yard. The sand or earth was procured at the bay, and hauled by defendant's engines and cars over a spur track, and, as we understand, part of a main

track, belonging to the terminal company, and leading to defendant's yard. The yard was upon land belonging to defendant, and *prima facie* the tracks laid in it were its tracks. There is nothing to show that those tracks came within the contract between the two companies. It does not provide that all tracks laid by the defendant within the limits of Duluth shall belong to the terminal company, nor that defendant shall construct for it tracks in the defendant's yard. An admission by plaintiff on the trial "that the Duluth Terminal Company has paid the Eastern Railway Company for the construction of all the tracks of the Eastern Railway Company in the city of Duluth" is relied on by defendant as proof that defendant was doing the work for the terminal company. But though it shall be understood to include the tracks in defendant's yard, upon its land, still it would not tend to show the condition of things at the date of the injury; that the tracks then belonged to the terminal company; or that defendant was constructing them for it. Upon the evidence, the defendant is to be taken as having done the work for itself. The case is that the defendant was operating a line of railroad, formed by the tracks of several different companies, from St. Paul to Duluth. So far as operating that line was concerned, it was immaterial that it owned, or did not own, the whole or any part of the line operated by it. To bring a railroad company within the act of 1887, it is not necessary that it should own, but only that it should be "operating, a railroad in this state." If the defendant was constructing its yard, and the tracks in it, to be used in connection with and as a part of that line, that work was not the construction of "a new road, or any part thereof," within the proviso to the act referred to. The case would then be in this respect precisely like *Schneider* v. *Chicago, B. & N. R. Co.,* 42 Minn. 68, (43 N. W. Rep. 783.) Whether the defendant was constructing the yard and tracks to be used in connection with and as a part of the line it was operating was fairly left, by the court below, to the jury, and, as there was evidence to sustain the affirmative of the proposition, their finding settled it.

The negligence alleged to have caused the injury was that of the engineer in charge of the construction train. Defendant contends at great length that no such negligence was proved. Plaintiff was

one of the crew working on the construction train. That train would run to the bay, the crew would attend to the loading, and, when loaded, they would get on the cars, be carried to the yard, and there unload. At the time of the injury the cars had been loaded, and were ready for the men to get on, and plaintiff was getting on one of them, when the train was suddenly started forward, and he was thrown upon the track, and very badly injured. The negligence charged is that the engineer started the train without ringing the bell as a signal that it was about to start. There was evidence from which the jury might find that the bell had always been rung as a signal that the train was about to start; might find that, from its being the custom, the men working on the train would naturally rely upon, and would have a right to expect, the ringing of it as indicating the starting of the train. If the jury so found, then it might be negligence to start without the customary warning. The evidence as to the bell being rung was conflicting, witnesses for defendant testifying positively that it was rung; witnesses for plaintiff testifying that they did not hear it rung. When the issue is of the making of a sound, such as the ringing of a bell, that is, ordinarily, the only way in which the negative can be shown. The defendant contends that testimony by a witness that he did not hear it is no evidence that it was not rung, as against direct and positive testimony that it was rung. The mere statement by a witness that he did not hear it would, of itself, be no evidence that the bell was not rung. But, taken in connection with evidence showing that he could and probably would have heard it, had it rung, it is evidence. It is clear that some, at any rate, of plaintiff's witnesses on the point were where they could easily hear it, and the circumstances were such as to make a probability that they would hear it if rung, they being men who were accustomed to it as a signal for them to heed, and it not appearing that their attention was directed away from it. Their testimony that they did not hear it was evidence that it was not rung, the weight of which was for the jury to determine. The case of such men is different from that of mere strangers being in the vicinity, whose attention is in no way directed to the ringing or not ringing of the bell. The point is made in the brief that the damages

are excessive. In view of the injury sustained by plaintiff, they do not appear so.

Order affirmed.

(Opinion published 50 N. W. Rep. 930.)

NOTE. A motion for a reargument of this case was denied February 4, 1892.