JOHN BURUD v. GREAT NORTHERN RAILWAY COMPANY.[1]

Oct. 17, 1895.

Nos. 9414—(21).

**Fires Set by Locomotive—Statutory Presumption.**

In an action for damages caused by fire scattered or thrown from one of defendant's engines, *held*, that upon the evidence it was a question for the jury whether the statutory presumption of negligence had been rebutted.

Appeal by defendant from a judgment of the district court for Clay county, in favor of plaintiff for $552.61. The case was tried before Searle, J., and a jury. Affirmed.

*M. D. Grover* and *J. W. Mason*, for appellant.

*W. B. Douglas*, for respondent.

MITCHELL, J. This was an action for damages caused by fire scattered or thrown from one of defendant's engines. The negligence alleged was that the locomotive was in a defective condition, as well as negligently operated.

The defendant made a motion for continuance on the ground that it was not prepared for trial because of the absence of material witnesses, consisting of the inspectors whose duty it was to inspect engines, and of the engineer, fireman, and other employés who were operating the train, but whose names or residence it did not then know and had not had time to ascertain. The plaintiff admitted that such witnesses, if present, would testify as follows, as stated in the affidavit for continuance, to wit: "That each of the persons whose duty it was to inspect said locomotive that was attached to the train that has been testified to by the witnesses as having started the fire duly inspected said locomotive; and that immediately before and immediately after the time when said fire is claimed to have been started, the screens, smokestack, fireboxes, and dampers of said locomotive were in good condition; and that such screens, smokestack, fireboxes, and dampers, and all other ap-

[1] Reported in 64 N. W. 562.

pliances for the extinguishing of sparks or fire, or preventing the escape of sparks or fire, were of the most modern and approved kind, and suitable and requisite for said purpose; and that each and every of such appliances was in proper and first-class condition before and at the time and after said fire that is claimed by the plaintiff to have been started; that the engineer and fireman engaged in operating said locomotive along said track, where said fire is claimed by the plaintiff to have originated, operated the same in a skillful, careful, and prudent manner; that the dampers and fireboxes were closed; that the brakeman and other employés engaged in operating said train to which said locomotive was attached would testify that no fire was in the caboose or on said train other than that contained in the firebox of the locomotive." The court denied the motion for a continuance, and the cause proceeded to trial.

The plaintiff proved that the fire which caused the damage was scattered or thrown from the locomotive of one of defendant's freight trains and rested. The defendant thereupon introduced the above admission as to what the absent witnesses would testify to if present, and also rested. The only circumstances connected with the setting of the fire which appeared from plaintiff's evidence that had any bearing (other than the statutory presumption) upon the question of defendant's negligence were, that the fire started in the grass "on the outside of the ditch" along the railroad; that there was a "middling hard" or "pretty hard" wind blowing; also, that there had been no recent rains, and the grass was dry and burned readily. There was also evidence tending to show that on this same trip the engine started other fires in the grass in that vicinity. There was a verdict for plaintiff.

Defendant's contention is that the evidence fully rebutted the statutory presumption of negligence arising from the fact that the fire was scattered or thrown by the engine, and therefore the verdict was not justified by the evidence. The same point is raised by an exception to the refusal of the court to direct a verdict for the defendant.

There is no doubt of the correctness of the propositions, urged by defendant's counsel, that the statutory presumption is a disputable one of fact, which may be rebutted by showing that the defendant did use due care and was not negligent; that the effect of the stat-

ute is merely to cast the onus or burden on the defendant to prove that it was not negligent; also, that if the evidence to that effect is conclusive, a verdict for the plaintiff could not be sustained. But, as was also said in Karsen v. Milwaukee & St. P. R. Co., 29 Minn. 12, 11 N. W. 122, "to overcome this presumption" of negligence arising from the setting of the fire, "the rebutting evidence must be as broad as the presumption, and must satisfactorily rebut every negligent act or omission which might under the circumstances of the case reasonably or naturally have caused the fire." And unless this rebutting evidence is conclusive, the question of negligence is one for the jury. The fact that there is no conflict in the testimony does not make the case one for the court instead of the jury, if the evidence is for any cause inconclusive in its nature,—as, for example, where different conclusions may be reasonably drawn from it, or where its credibility is doubtful. We think a court, as well as a jury, is justified in taking notice of the fact that, while it is impossible, by means of any present known appliances, to so construct and equip a locomotive that it will not sometimes scatter sparks and cinders that will start fires along the railway, yet if it is properly constructed, and properly equipped with spark arresters, and properly operated, it will not ordinarily emit any sparks or cinders that will remain alive until they reach the earth.

In this case there was no evidence of any exceptional circumstances in the operation of the train, such as that it was on an up grade or that the engine had to "labor hard." So far as appears, it was an ordinary freight train, running under ordinary circumstances, along a level track. While it does not appear how wide the ditch was, or how far it was from the track, yet the fair inference from the evidence is that the spark or cinder which started this fire was carried in a live condition quite a distance. The fact that the engine was repeatedly emitting live sparks or cinders large enough to start other fires is a significant circumstance. To overcome the statutory presumption supported by this affirmative evidence, there was nothing but the admitted testimony of defendant's unnamed employés as to the condition and operation of the engine. This evidence must, of course, be received and treated precisely the same as if the witnesses had been produced in court, and had testified, in the exact language contained in defendant's affi-

davit for a continuance and the admission of the plaintiff. This evidence is all general in its terms, much of it being the mere opinions or conclusions of the witnesses. This is particularly so as to the operating of the engine. The evidence on this point consists merely of the general statement that it was operated in a skillful, careful, and prudent manner, without stating a single fact upon which this conclusion was based, except that the dampers and fireboxes were closed. For anything that appears, the engine might have been negligently operated in other respects,—as, for example, the manner of firing. In view of the facts appearing in evidence, to which we have already alluded, we cannot say that this evidence conclusively rebutted the statutory presumption of negligence. The general and inconclusive nature of the evidence may have been because the defendant had no opportunity to ascertain with any more particularity what the witnesses would testify to. If so, that was its misfortune. We must take the evidence as it stands. If defendant has anything to complain of, it is that a continuance was not granted to enable it to prepare for trial. But that question is not before us.

Judgment affirmed.