## ZETA RUDD v. WILLIAM A. FOX.[1]

December 2, 1910.

Nos. 16,866—(127).

**Liability of master for negligence of servant.**

Following Mulvehill v. Bates, 31 Minn. 364, it is *held,* a master who furnishes his servant with a vehicle with which to seek employment upon public highways for the master's benefit is liable for injury caused by the negligence of the servant in the use of the vehicle in his possession by virtue of his employment.

Action in the district court for Hennepin county to recover $5,000 for personal injuries alleged to have been sustained by reason of defendant's careless driving an automobile at high speed without signalling his approach. The answer alleged that plaintiff's injuries, if any, were sustained through her own carelessness. The case was tried before Holt, J., and a jury which returned a verdict in favor of plaintiff for $250. From an order denying defendant's motion for judgment notwithstanding the verdict or for a new trial, he appealed. Affirmed.

*I. A. Herrick* and *Francis B. Hart,* for appellant.
*Larrabee & Davies,* for respondent.

[1]Reported in 128 N. W. 675.

O'BRIEN, J.

Defendant conducted an automobile livery. He employed Charles Barnett as a driver, and furnished him with a machine with which to go upon the streets of Minneapolis and seek business, paying him a weekly salary and a commission on the amount earned. One evening Barnett had the machine at a street stand until about seven o'clock, when, as he testified, he left the stand, taking his brother-in-law in the machine, and went to supper, some three miles from the stand, remained there some hours, when the two returned to the business portion of the city, where Barnett ran the machine against the plaintiff and injured her. This trip it was claimed was on Barnett's own account; his companion paying no fare.

At the conclusion of the testimony defendant requested this instruction: "If you find that, at the time of the accident to the plaintiff, the driver, Barnett, was not actually engaged in the business of defendant, and that he departed from the instructions governing his employment, that he had temporarily retired from his employment and was engaged in his own affairs, then I instruct you the defendant is not bound by his acts nor responsible therefor." The trial court refused to so instruct the jury, but, upon the contrary, held that defendant was liable for any negligence upon the part of Barnett. Plaintiff had a verdict, and defendant appeals from an order denying an alternative motion.

While defendant's motion was in the alternative, and the refusal of the court to order judgment notwithstanding the verdict is assigned as error, the serious question presented arises from the refusal to give to the jury the instruction above quoted, and which refusal, if erroneous, would necessitate a new trial. We have therefore to determine whether the court was justified in holding as a matter of law that defendant was responsible for the negligence of Barnett at the time in question. A full discussion of the liability of a master for the negligence of his servant under more or less similar or analogous circumstances will be found in the following decisions of this court: Morier v. St. Paul, M. & M. Ry. Co., 31 Minn. 351, 17 N. W. 952, 47 Am. St. 793; Mulvehill v. Bates, 31 Minn. 364, 17 N. W. 959, 47 Am. Rep. 796; Slater v. Advance Thresher Co., 97

Minn. 305, 107 N. W. 133; Penas v. Chicago, M. & St. P. Ry. Co., supra, page 203, 127 N. W. 926.

Defendant employed the driver, and gave him a roving commission, under which he was to seek employment upon the city streets; and, while defendant testified that he had requested Barnett not to go to supper to the part of the city he testified he visited the night in question, it must be remembered the accident happened after his return to the business district. Barnett's reason for being upon the street where the collision occurred does not clearly appear from the evidence. He testified he was going north towards Hennepin avenue; but whether proceeding to his stand, which was in that vicinity, or returning to the garage, is not shown by the record. In any event, Barnett had possession of the machine by virtue of his employment.

After an examination of all the evidence contained in the record, we conclude this case is controlled by Mulvehill v. Bates, supra, and that the jury would not have been justified in relieving defendant from responsibility for Barnett's negligence. The requested instruction was, therefore, properly refused.

Order affirmed.

JAGGARD, J.
I concur. See Venables v. Smith, 2 Q. B. D. 279, at page 283.