# EDWARD F. PICKELL v. ST. PAUL CITY RAILWAY COMPANY.[1]

January 24, 1913.

Nos. 17,812—(168).

**Question for jury.**

1. The motorman on appellant's car saw a child seven years and four months old near the curb, which was about 25 feet from his track. He saw her start to run as if to cross the track. There is evidence that she went on a diagonal with her back partly toward the car and that she fell on the track 20 feet ahead of the car. The fender and vestibule ran over her. It was a question for the jury whether the motorman had his car under proper control and stopped as soon as reasonable prudence required. Street cars and pedestrians have equal rights in streets. It is as much the duty of the motorman to avoid pedestrians as it is for pedestrians to avoid the car. This duty of the motorman is emphasized when the pedestrian is a child.

**Question for jury.**

2. The motorman sounded his gong, but did not blow the whistle with which the car was equipped. *Held*, a question for the jury whether reasonable prudence required that he should have sounded the whistle.

**Same.**

3. Question whether a child seven years old was negligent in running in front of the car in the manner above described was one of fact for the jury.

**Modification of request to charge.**

4. Appellant requested the court to charge that, if the motorman used reasonable care in stopping the car, respondent could not recover. The court modified this by charging that they could still take into consideration the failure to sound the whistle. *Held*, no error.

**Refusal to charge.**

5. The refusal of the court to charge that the sounding of the whistle would

[1] Reported in 139 N. W. 616.

---

Note.—As to what acts of child in attempting to cross street car tracks are negligence as matter of law, see note in 11 L.R.A.(N.S.) 166.

The authorities on the duty to avoid injuring children on track are collated in a note in 25 L.R.A. 663.

have been useless if the child saw the car, *held,* under the circumstances in this case, not error.

**Excessive damages.**
6. The damages are not excessive.

Action in the district court for Ramsey county by the father of Edna Pickell, acting in her behalf, to recover $10,000 for personal injury. The complaint, after setting out the circumstances of the accident, alleged that it occurred on a bright, clear day and the track was wholly unobstructed at the time, was straight and the view thereof and of objects near thereto wholly unobstructed for a distance of more than 400 yards at the place of the accident. The complaint set out the substance of certain ordinances of the city of St. Paul forbidding the person in control of an electric street railway car to allow a greater speed than 12 miles an hour. The answer admitted that sections 1055, 1056 and 1057 of the 1907 compilation of ordinances of the city were substantially as alleged in the complaint. It further alleged that whatever injury Edna Pickell received was not due to, or caused by, any negligence on its part, but was due to, and caused by, her own negligence. The reply denied the new matter in the answer. The case was tried before Kelly, J., and a jury which returned a verdict in favor of plaintiff for $2,500. From an order denying defendant's motion for judgment notwithstanding the verdict or for a new trial, it appealed. Affirmed.

*W. D. Dwyer,* for appellant.
*John W. Willis* and *J. C. Zehnder,* for respondent.

HALLAM, J.
Respondent Edna Pickell was injured by contact with a street car. She was seven years and four months old. She started from the curb across the street running "as a child runs." When she came to the car track she stumbled and fell. One witness says she fell 15 feet in front of the car. Another placed the distance at 20 feet. The fender and vestibule of the car passed over her. When it stopped she was just forward of the front truck. The jury found for plaintiff and assessed her damages at $2,500. Defendant moved in the alternative

for judgment notwithstanding the verdict or for a new trial. Both motions were denied and defendant appealed.

Appellant contends on this appeal:

That there was no sufficient evidence of negligence of the defendant.

That the respondent was guilty of contributory negligence.

That certain errors were made in the charge.

That the damages were excessive.

We cannot sustain these contentions.

There was sufficient evidence to sustain a finding of negligence on the part of the defendant; that is, of the motorman in charge of the car. Respondent contends that the motorman was negligent in his management of the car in that he did not keep his car under proper control and stop it with reasonable promptness, and in that he did not give proper signals of its approach. There was evidence from which the jury might so find.

1. First as to the control of the car: The child left the curb on a run. There is evidence that she went on a diagonal with her back partially turned toward the car. The motorman testified that when she left the curb he could see that she was trying to cross the street. At some point between the curb and the car track she hesitated and then started again. Her hesitation gave the impression to some of the eyewitnesses that she would stop and let the car go by. The motorman testified that when she hesitated she looked up at him, but no other witness so testified. As soon as she started again, after hesitating, the motorman considered the situation one of danger, for he said that he threw the reverse lever and put on the brakes.

In determining whether the motorman kept his car under proper control and stopped with reasonable promptness, it becomes material to consider where the child was when this incident occurred.

The motorman testified that she hesitated right near the curb. Several maps were introduced in evidence to show distances between material points on the street. None of these maps have been returned to this court. Deciphering the oral evidence without them as best we may, it appears that the distance from the curb to the nearest rail of the track on which this car was running is upwards of 25 feet on a

straight line; on a diagonal, as some witnesses said the child ran, it is approximately 37 feet. She traveled this distance and then reached the track and fell, according to the motorman's testimony, 15 feet ahead of the car; according to the testimony of another witness, 20 feet ahead of the car. The car was going about nine miles an hour. There was testimony of witnesses who watched both the child and the car that the car was going the faster and had a longer distance to travel than the child to reach the point of collision. The motorman said that this car, going at a speed of nine miles an hour, could be stopped in a space of from 40 to 45 feet.

It is perfectly manifest that there is here ample basis for the finding by the jury that the motorman could have stopped his car between the time the child last started toward it and the time of the collision. One of the defendant's witnesses testified that the jerk from the stopping of the car came after the child was lying on the track, and the jury might properly find that such was the fact. This evidence is sufficient to sustain a finding that the failure to sooner stop the car was negligence.

There is no priority of right between a pedestrian on the street and a street car on its track. Neither has the right of way. Life and limb are of more consequence than quick transit. It is as much the duty of the motorman to avoid contact with a pedestrian as it is for a pedestrian to keep out of the way of the car. Shea v. St. Paul City Ry. Co. 50 Minn. 395, 52 N. W. 902; Bremer v. St. Paul City Ry. Co. 107 Minn. 326, 332, 120 N. W. 382, 21 L.R.A.(N.S.) 887, note.

One witness testified that he saw this child playing on the street while the car was nearly a block away. She was in plain sight of the motorman. Reasonable prudence demanded that he should exercise greater car in keeping his car under control than would have been required had she not been there. When a motorman discovers a small child running toward the track on the street ahead of him, ordinary care requires that he should keep his car under very sure control. Strutzel v. St. Paul City Ry. Co. 47 Minn. 543, 50 N. W. 690; Cameron v. Duluth-Superior Traction Co. 94 Minn. 104, 102 N. W. 208.

2. The question whether the motorman negligently failed to give proper signals was also for the jury. We think the evidence establishes the fact that the motorman rang his gong. The only evidence to the contrary is that of witnesses who simply said they did not hear it. This is not sufficient. Moran v. Eastern Ry. of Minn. 48 Minn. 46, 50 N. W. 930. It appears, however, that the car was equipped with an emergency whistle designed for use in just such cases as this. This whistle was not sounded. The jury was entitled to consider this fact as an element of the motorman's alleged negligence. From the above recital of facts it appears that there was evidence to sustain a finding that there was ample time to sound the whistle after the motorman saw the child in what he himself considered to be a position of peril.

3. Appellant contends that the child was guilty of contributory negligence as a matter of law. We are of the opinion that the evidence sustains the finding that such contributory negligence was not established.

Respondent was a little girl, seven years and four months old. Some discretion must be expected of a child of that age, but manifestly not the same measure of discretion as is required of an adult. She is entitled to have her conduct judged in the light of her years. Hepfel v. St. Paul, M. & M. Ry. Co. 49 Minn. 263, 51 N. W. 1049. There was testimony that she was engaged in childish play. The evidence is not conclusive that she saw the car. If she did not, it cannot be said as a matter of law that a child of such tender years is, under the circumstances here disclosed, guilty of contributory negligence in not looking. Holmgren v. Twin City Rapid Transit Co. 61 Minn. 85, 63 N. W. 270. This precaution is not required at all events of adults. Shea v. St. Paul City Ry. Co. 50 Minn. 395, 52 N. W. 902; Armstead v. Mendenhall, 83 Minn. 136, 139, 85 N. W. 929; Peterson v. Minneapolis Street Ry. Co. 90 Minn. 52, 56, 95 N. W. 751. If she did look and did see the car, it was at a time when, according to the motorman's testimony, she was 25 feet from the track on a straight line; 37 feet from it on the diagonal line that she traveled, with the car substantially farther away. Her calculations of speed and distances and of proper conduct were childish calculations.

Miscalculation is not necessarily contributory negligence in such a case even in an adult (O'Brien v. St. Paul City Ry. Co. 98 Minn. 205, 209, 108 N. W. 805), much less in a child.

Her conduct in failing to stop, even if she saw the car, cannot be judged by the same standard as the conduct of the motorman in failing to stop his car, for the two were not equal in point of discretion required of them. She would in fact have crossed the track at least 15 or 20 feet ahead of the car had she not stumbled. We cannot hold that an attempt on the part of this child to cross the track in front of a car at the distance here disclosed was contributory negligence as a matter of law.

4. Error is assigned in that the court modified appellant's seventh request to charge. The request is as follows:

"If you find from the evidence in this case that the child, Edna Pickell, as the car approached her, was outside of the paved street—that is, upon the boulevard or sidewalk—and that she suddenly darted from the sidewalk or boulevard into the paved street and towards the track upon which the car was running, and that at the moment the motorman saw her leave the curb to the street he used reasonable care and caution to stop his car, then and in that case the plaintiff herein cannot recover."

The court gave this charge, but added the following:

"I qualify that by saying, provided you also find that the failure of the motorman to sound the whistle on the car did not affect the happening of the accident. If it did, you must consider then the effect of that failure in determining this question."

We cannot hold that this was error. As above indicated, the failure to sound the whistle was one of the matters proper to be considered in determining whether the management of this car by the motorman was negligent. This is all that this additional instruction really means.

5. At the conclusion of the charge counsel for appellant addressed the court as follows:

"Your Honor, I have in mind that the court mentioned that the motorman stated that the girl looked at him. If the girl did look at him and saw the car, the sounding of the whistle or the ringing of that bell would have been useless."

The court said: "Well, I will leave that to the jury. I cannot tell what effect it might have had upon the child."

This is assigned as error. We cannot so hold. If, as the motorman testified, the child was then near the curb, we cannot say as a matter of law that a shrill blast of the whistle would have been of no avail. In fact, it seems clear that it would have been effective.

6. Plaintiff contends that the damages assessed are excessive. Respondent was a little over seven years old. She sustained a fracture of the left femur or thigh bone. The result will be a permanent shortening of the leg. Her experts testified that the shortening is three-fourths of an inch. This causes a slight limp in her walk, some curvature of the spine, with pain and sensitiveness in the vertebræ; some obstruction in the case of childbirth. It has a detrimental effect on general health, manifested by nervousness, weariness, and sometimes neuralgia. We cannot say that the amount allowed was excessive.

Order affirmed.