## HULDA PLOETZ v. L. J. HOLT and Another.[1]

December 26, 1913.

Nos. 18,438—(122).

**Automobile — liability of owner for injury caused.**
1. The owner of an automobile is liable for injuries resulting from the negligence of the person operating it, only when such negligence occurs while it is being used by his express or implied authority for some purpose for which it is kept by him.

**Questions for jury.**
2. Evidence examined and *held* sufficient to require the court to submit to the jury the question as to whether the accident resulted from the negligence of defendant Neil Holt, and also the question as to whether the machine was being used for a purpose for which it was kept by defendant L. J. Holt and by his implied permission.

**Evidence inadmissible.**
3. Evidence tending to show negligence on the part of the driver of the team frightened by the auto was properly excluded as such negligence is not imputed to plaintiff, a passenger.

[1] Reported in 144 N. W. 745.

---

Note.—The authorities on the question of the responsibility of owner of automobile when car is being used by servant or another for his own pleasure or business are discussed in notes in 1 L.R.A.(N.S.) 235; 9 L.R.A.(N.S.) 1033; 14 L.R.A.(N.S.) 216; 21 L.R.A.(N.S.) 93; 26 L.R.A.(N.S.) 382; 33 L.R.A.(N.S.) 79; and 37 L.R.A.(N.S.) 834. And upon the question of liability where automobile is being used by a member of owner's family, see note in 41 L.R.A.(N.S.) 775.

**Verdict excessive.**

    4. Verdict *held* excessive and a new trial granted unless plaintiff consent to reduce the same to the sum of $3,000.

Action in the district court for Winona county against L. J. Holt and Neil Holt to recover $5,000 for personal injuries. The complaint alleged that the motor vehicle owned by L. J. Holt was kept and used by him as a family vehicle for the convenience and pleasure of his family, including his son Neil, who was permitted by him to operate it as a family vehicle for the use, convenience and pleasure of the wife and family of L. J. Holt, and their friends and guests, and that one of the duties and privileges of said Neil under his employment by L. J. Holt and the family relationship existing between them was to drive and operate the motor vehicle in conveying L. J. Holt and wife, and the members of his family and their guests, from place to place as they might desire. It also alleged that defendant Neil, while occupying that relationship to L. J. Holt and while in his service and with his authority, on the day in question drove the motor vehicle from the residence of the father to the home of a neighbor, for the purpose of carrying L. J. Holt's wife to her home, and while so engaged drove and operated it in a reckless and negligent manner in the direction of the horses attached to the vehicle in which plaintiff was seated, caused the motor vehicle to give out a loud and terrifying noise calculated to frighten horses of ordinary gentleness; that plaintiff's husband signalled and requested said Neil to stop his vehicle and desist from frightening the horses, but defendant Neil negligently failed to do so, and continued to drive the vehicle toward the horses and to sound the horn upon it and still further terrify the horses, and as a direct result of such negligent conduct the horses became uncontrollable from fright and ran away and to escape from immediate serious injury plaintiff threw herself from the carriage and was seriously injured. These allegations of the complaint were denied in the separate answers of defendants.

The case was tried before Snow, J., who at the close of the testimony denied the motion of defendant L. J. Holt for a directed verdict and for a dismissal of the action, and a jury which returned a

verdict against both defendants for the sum of $5,000. From an order denying defendant L. J. Holt's motion for judgment in his favor notwithstanding the verdict or for a new trial as against himself, and denying the motion of defendant Neil for a new trial, both defendants appealed separately. Order denying judgment notwithstanding verdict affirmed. Order denying a new trial reversed and new trial granted, unless plaintiff consented to a reduction of the verdict to $3,000.

*H. M. Lamberton* and *Robert E. Looby,* for appellants.

*W. H. Markham* and *Webber & Lees,* for respondent.

TAYLOR, C.

The parties to this action are farmers residing in the same neighborhood in Winona county. On the afternoon of June 8, 1911, the ladies aid society of the local church held a meeting at the home of one of its members which was attended by plaintiff and by the wife and daughters of defendant L. J. Holt. At the close of the meeting plaintiff's husband came with a team and buggy to take her home. After she had seated herself in the buggy, but while her husband was still standing upon the ground, defendant Neil Holt drove an automobile owned by his father, defendant L. J. Holt, in close proximity to the team, which became frightened and ran away. Plaintiff jumped from the buggy and sustained a "compound Potts fracture" of the left ankle. She brought suit for damages and recovered a verdict of $5,000 against both defendants. Defendant L. J. Holt made a motion for judgment notwithstanding the verdict, and in case that should be denied then for a new trial. Defendant Neil Holt also made a motion for a new trial. Both motions were denied and both defendants appealed.

The verdict necessarily involved a finding that defendant Neil Holt was chargeable with negligence, and that such negligence brought about the accident. Defendants, in effect, concede that the evidence was conflicting upon this question, but urge that it did not preponderate in favor of plaintiff. The jury found otherwise and the evidence is ample to sustain their finding.

It is strenuously contended, however, that defendant L. J. Holt

is not responsible for the damages resulting from the negligence of defendant Neil Holt. On the day of the accident, L. J. Holt left home in the morning and did not return until evening. He left the car at home in a shed and did not know that it was taken out or used. Neil Holt was of age and had been in business for himself, but had hired out to his father to work upon the farm during the season of 1911, except during sheep-shearing time. Neil possessed a sheep-shearing machine and reserved the privilege of making what he could with this machine at the proper season. He lived at his father's home as a member of the family, except when away shearing sheep. A few days before the accident, he seems to have suspended work under his contract of hiring, and to have engaged in the business of shearing sheep. On the day of the accident he was engaged in shearing his father's sheep, not under his contract of hiring, but, apparently, at the same fixed price per head for which he performed such work for others. He completed his job about five o'clock. He and a younger brother who had been assisting him were the only ones then at home. They concluded to take the car and go over to the neighbor's where the ladies society was in session for supper. In doing so they appear to have acted wholly of their own volition and without any expectation on the part of the parents that they would go to the neighbor's or use the car. Neil had driven the car from time to time ever since his father had owned it, but the members of the Holt family testified that he had never taken it previously without first asking and obtaining his father's express permission.

Whether the owner of an automobile is responsible for injuries resulting from the negligence of the person operating it, is determined by the rules which govern the relation of master and servant. His liability rests upon the proposition that the principal is responsible for the wrongful or negligent acts of his agent or servant, committed while acting under his express or implied authority and in furtherance of his business. He is not liable for the acts of such agent or servant committed while the latter is engaged exclusively upon his own affairs. If the master authorize the servant to use an instrumentality provided by him, and the servant negligently uses it so as to cause injury to another, the master is liable therefor, if

the servant, at the time, was engaged in the business of the master; but is not liable therefor, if the servant, at the time, was not engaged in the business of the master, but was using the instrumentality for his own purposes. The rule is tersely stated by Chief Justice Start in McLaughlin v. Cloquet Tie & Post Co. 119 Minn. 454, 138 N. W. 434, as follows: "The settled rule of this court, stated abstractly, is to the effect that a master is only liable for the wrongful act of his servant when it is done in the course of and within the scope of his employment."

There is no controversy as to the general rule, but it is frequently difficult to apply it to the facts of a particular case. Prior decisions of this court have dealt with the application of the rule so exhaustively and have analyzed the cases bearing thereon so fully that a further discussion herein seems unnecessary. See among others: Slater v. Advance Thresher Co. 97 Minn. 305, 107 N. W. 133, 5 L.R.A. (N.S.) 598; Merrill v. Coates, 101 Minn. 43, 111 N. W. 836; Rudd v. Fox, 112 Minn. 477, 128 N. W. 675; Penas v. Chicago, M. & St. P. Ry. Co. 112 Minn. 203, 127 N. W. 926, 30 L.R.A.(N.S.) 627, 140 Am. St. 470; McLaughlin v. Cloquet Tie & Post Co. 119 Minn. 454, 138 N. W. 434; Sina v. Carlson, 120 Minn. 283, 139 N. W. 601; Geiss v. Twin City Taxicab Co. 120 Minn. 368, 139 N. W. 611; Meyers v. Tri-State Automobile Co. 121 Minn. 68, 140 N. W. 184; Burnham v. Elk Laundry Co. 121 Minn. 1, 139 N. W. 1069.

The tendency of the courts in this class of cases is to resolve doubts against the master to the extent of submitting the question as one of fact to the jury. The court submitted this case to the jury in a very clear and accurate charge. Among other things he said: "In order to hold L. J. Holt responsible for the negligence of Neil Holt on the occasion in question, if Neil Holt was guilty of negligence, it must appear by a fair preponderance of the evidence that Neil Holt at the time in question was using the automobile with either express or implied authority from L. J. Holt, and in serving some purpose for which the machine was procured and kept by the father, L. J. Holt." He also said: "That if the purpose of taking the automobile by Neil Holt was simply to serve the pleasure of himself and his brother, who, it would appear, was past majority in age, that L. J.

Holt would not be bound." These propositions were both impressed upon the attention of the jury repeatedly. By their verdict the jury necessarily found "that Neil Holt at the time in question was using the automobile with either express or implied authority from L. J. Holt, and in serving some purpose for which the machine was procured and kept by the father, L. J. Holt."

The question presented to this court is whether the evidence to the contrary is conclusive, and thus required the trial court to hold as a matter of law that no liability existed as against the father. Such cars are usually procured and kept for the use of the family, and, ordinarily, such use is not limited to any special purpose. At the time in question the father was absent and the mother and minor children were at a neighbor's. It does not appear that the father had ever placed any restrictions upon the use of the car. The various members of the family had ridden in it frequently. Neil had operated it from time to time ever since its purchase. While he had been accustomed to obtain express permission before taking it, there is no evidence that he had ever been forbidden to use it without first obtaining such permission. His use of the car is presumed to have been rightful until the contrary is shown. If, at the time, it was being used in part for the purposes for which it was kept by the father, the fact that Neil may also have been using it in part for purposes personal to himself, would not necessarily absolve the father from liability. We think the circumstances shown by the evidence are such that the jury might infer therefrom that among the purposes for which Neil took the machine was that of bringing home his mother and sisters, and that he had implied authority to do so. We think there was sufficient evidence so that the court could not determine the question as a matter of law and was required to submit it to the jury.

We find no prejudicial errors in the charge or in the rulings on the admission of evidence. If negligence on the part of plaintiff's husband in failing to keep proper control over his team concurred in bringing about the accident, such negligence is not imputed to plaintiff. Howe v. Minneapolis, St. P. & S. S. M. Ry. Co. 62 Minn. 71, 64 N. W. 102, 30 L.R.A. 684, 54 Am. St. 616; Finley v. Chicago,.

M. & St. P. Ry. Co. 71 Minn. 471, 74 N. W. 174; Lammers v. Great Northern Ry. Co. 82 Minn. 120, 84 N. W. 728. And evidence tending to show such negligence was properly excluded.

It is contended that the verdict of $5,000 is excessive. Both bones were broken at the ankle joint. The bones have united, what is termed a good recovery has taken place, and the leg is of normal length. The ligaments at the joint were injured, the freedom of motion is impaired, and the ankle is weak and may remain so. It is a delicate matter for this court to interfere with the award of damages in such cases but sometimes it becomes necessary to do so. In Slette v. Great Northern Ry. Co. 53 Minn. 341, 55 N. W. 137, the injury was a fracture of a thigh bone which shortened the leg one-half to three-fourths of an inch. A verdict of $4,100 was reduced to $2,100. In Kennedy v. St. Paul City Ry. Co. 59 Minn. 45, 60 N. W. 810, no bones had been broken, but it was contended that the ligaments at the ankle had been distended or torn from their attachments which rendered the ankle weak and that it would remain so. A verdict of $3,100 was reduced to $2,100. In Johnson v. St. Paul City Ry. Co. 67 Minn. 260, 69 N. W. 900, 36 L.R.A. 586, one of the bones of the outer side of the ankle had been broken, the ligaments of the ankle had been torn and the joint injured. The plaintiff was 75 years of age and the injury compelled her to use crutches permanently. A verdict of $4,000 was reduced to $2,500. In Northrup v. Hayward, 99 Minn. 299, 109 N. W. 241, both bones were broken near the ankle and the ligaments and flesh over them and the ankle joint were torn loose. A verdict of $2,500 was reduced to $2,000 by the trial court and was held not excessive. In Denchfield v. Minneapolis, St. P. & S. S. M. Ry. Co. 114 Minn. 58, 130 N. W. 551, one bone of the leg was broken below the knee and the knee and ankle were stiff. A verdict of $4,100 was reduced to $3,000. In Pickell v. St. Paul City Ry. Co. 120 Minn. 340, 139 N. W. 616, a verdict of $2,500 in favor of a girl seven years of age whose leg was broken and shortened three-fourths of an inch was approved as not excessive. In Peaslee v. Railway Transfer Co. of Minneapolis, 120 Minn. 347, 139 N. W. 613, plaintiff's leg was broken and severely injured near the hip, which resulted in shortening the leg an

inch and a quarter and in other permanent injuries. A verdict of $4,158 was sustained with some hesitation.

While plaintiff sustained a serious injury, the bones have united perfectly and the leg is of normal length, but the ligaments at the joint were injured and the ankle is weak. The movement of the joint is impeded by the "callus" thrown out around the break in the bone, and the weakness of the ankle renders it necessary to wear an ankle brace, but both these conditions usually improve with time.

We deem the verdict excessive. The order denying the motion of defendant L. J. Holt for judgment notwithstanding the verdict is affirmed. The order denying the motion for a new trial is reversed as to both defendants and a new trial granted, unless within 20 days after the filing of the mandate from this court to the district court, the respondent shall file in the latter court her consent that the verdict and the judgment to be entered therein be reduced to the sum of $3,000 and that, if such consent be filed, the orders denying a new trial shall stand and be affirmed.