ELEANOR MARCEL v. CUDAHY PACKING COMPANY AND OTHERS.
HENRY VOGTZ v. SAME DEFENDANTS.
MALCOLM ANDERSON v. SAME DEFENDANTS.[1]

June 17, 1932.

Nos. 28,803, 28,804, 28,805.

*J. F. Boyles* and *D. P. Kennedy,* for appellant.

*Alric Anderson,* for respondents Eleanor Marcel, Henry Vogtz, and Malcolm Anderson.

[1]Reported in 243 N. W. 265.

HILTON, J.

These three actions were tried together and are so brought here on appeal. The jury returned verdicts against defendants R. J. Swenson and Cudahy Packing Company, a corporation, in favor of each plaintiff—for Anderson $250; for Marcel $250; and for Vogtz $1,650; it also returned a verdict for defendant J. B. Little. Defendant Cudahy Packing Company appeals from an order denying its motion in the alternative for judgment notwithstanding the verdicts or for a new trial.

Appellant's position is that the verdicts were not justified by the evidence; that the evidence was insufficient to sustain them and was contrary to law and the evidence; and that the damages awarded were excessive and appeared to have been given under the influence of passion and prejudice. By consent the defense of contributory negligence of plaintiffs was withdrawn. The only real question here for determination is whether under the evidence defendant Swenson, an employe of the appellant, was acting in the course of appellant's business at the time the accident occurred. A rather full statement of the facts appears to be necessary.

Swenson was a salesman of appellant. His headquarters were at Hudson, Wisconsin. His territory included towns in both Wisconsin and Minnesota but did not include either St. Paul or Minneapolis. The office and plant of appellant to which he reported was at Newport, Minnesota. Swenson furnished his own car, and appellant allowed him five and a half cents per mile when operating it in his employer's business.

Swenson testified that he left Hudson between five and six o'clock in the afternoon of Friday, August 8, 1930, proceeding in a westerly direction on trunk highway No. 12, the center of which was paved to a width of 18 feet. Hudson is on the west Wisconsin line, separated from Minnesota by the St. Croix river. It is 18 miles from St. Paul. The accident occurred about seven miles west of Hudson at a crossroad intersecting with No. 12. It was then light and clear. The highway was level, the pavement dry, and the view entirely unobstructed for a distance of two miles in either

direction from the crossroad intersection. All three plaintiffs were riding in a Hudson automobile owned by plaintiff Vogtz, who with plaintiff Marcel was riding in the rear seat; plaintiff Anderson was driving. They were proceeding on highway No. 12 in an easterly direction toward Hudson. Just ahead of them was a Buick car going in the same direction and driven by Dr. Little. Anderson testified that as they approached the crossroad he slowed down almost to a stop, as the car ahead had given a signal for a left-hand turn. Before Dr. Little had completed the turn the Chevrolet, driven by Swenson, struck the Buick on its right rear side, damaging the fender and breaking off the right wing bumper, and continuing on collided head-on with the Hudson, which had come to a stop at a distance variously estimated by witnesses of from 50 to 100 feet from the intersection. The Hudson was badly damaged—the front bumper, left front wheel and spring were broken, fender, running board, and frame bent, and the headlights smashed. The force of the impact is further shown by the extent of the monetary damage done to the Hudson as hereinafter appearing. Vogtz was rendered unconscious and was immediately taken to a hospital, where he remained a week. Swenson was thrown out of the Chevrolet onto the ground.

Swenson testified that he was on his way to Minneapolis to stay over night at his parents' house; that he was not on appellant's business and that he did not intend to charge it for the mileage. These statements were weakened by testimony that directly after the accident Swenson stated to the injured driver of the Hudson that he (Swenson) was going to St. Paul on the company's business and was in much of a hurry and that he was going to report the accident to his employer. Swenson later testified that he did so report the accident and that the company rules required that he report "any accident that happens in line of my duty."

Swenson had with him advertising matter and order blanks of appellant. This circumstance alone is of not much importance. It is, however, to be considered in connection with other evidence in the case. Swenson testified that he had with him an order

taken late Friday afternoon which shortly before leaving Hudson he had attempted to phone in to appellant's office at Newport, but could not get a connection; further, that his purpose was to deliver it to the company the next morning, Saturday, and then to interview the sales manager. Swenson at places in his testimony attempted to contradict or qualify some of the testimony previously given by him. His so doing may have had an influence on the jury in determining what weight should be given his testimony.

Trunk highway No. 12 is the only direct good route between Hudson and St. Paul. Swenson had proceeded only seven miles thereon when the accident occurred, and for all that appears in the record was within his territory. Newport is on the same side of the Mississippi river as St. Paul, and 10 or 12 miles south of it. To reach Newport from Hudson the best route is highway No. 12, which, after passing the easterly outskirts of St. Paul, intersects No. 3, a paved highway leading directly to Newport. At the time of the accident Swenson had not reached St. Paul nor the highway leading to Newport. Minneapolis is on highway No. 12 and adjoins St. Paul on the west. To reach Minneapolis thereon Swenson must pass entirely through St. Paul.

Although Swenson testified that he did not intend to charge his employer for mileage, yet that bare statement alone is not conclusive even though not contradicted. The jury was not obliged to believe it and other statements of a like nature to the effect that he was through with his work for that week and that the trip was purely personal to himself. The jury was not bound blindly to follow his testimony as to his intentions and purposes. There could of course be no witnesses who could flatly contradict such testimony. Even if Swenson had gone on to Minneapolis after reaching the intersection of No. 3 with No. 12, he would be entitled to mileage from Hudson to that intersection and from it, on the next day, to Newport and return to Hudson, for he testified that he expected to and as a matter of fact did go to Newport on Saturday morning. It is somewhat significant that no officer, employe, or other person connected with appellant testified in the case. The jury had the

right to take into consideration the surrounding facts and circumstances, in addition to the testimony of the driver of the Hudson car, as to statements made by Swenson. Olsson v. Midland Ins. Co. 138 Minn. 424, 165 N. W. 474; Jensen v. Fischer, 134 Minn. 366, 159 N. W. 827; Sina v. Carlson, 120 Minn. 283, 139 N. W. 601; Burud v. G. N. Ry. Co. 62 Minn. 243, 64 N. W. 562; Hawkins v. Sauby, 48 Minn. 69, 50 N. W. 1015; Schwartz v. Germania L. Ins. Co. 21 Minn. 215.

The oral evidence and the physical facts establishing Swenson's negligence were absolutely convincing. It is evident that the jury placed no credence in his testimony given in the attempt to exonerate himself from the charge of negligence. Swenson testified that he was traveling at a rate of speed of between 30 and 35 miles an hour until he was about 100 feet from the intersection, when he applied the brakes in an effort to slow up and stop his car, and that he was not going over 20 miles an hour at the time of collision with plaintiff's car. All other testimony was to the effect that the Chevrolet was approaching the intersection from the east at a rate of speed of not less than 50 to 60 miles an hour, and that at the time of collision with plaintiff's car, after striking the Buick, that speed had not been slackened to any perceptible extent.

A witness who was traveling in the same direction as Swenson testified that while driving between 40 and 45 miles an hour at a point between three and four miles from the intersection Swenson passed him at a high rate of speed and reached the intersection when the witness was still about a mile and a half from it, the latter having slackened his pace. Under cross-examination Swenson admitted that he had not at any time applied his brakes solidly in an effort to stop the car until about nine feet from the Buick, which was then making the left turn. Swenson at first testified that the Hudson was 50 feet back from the Buick, and later testified that it was following the Buick so closely that he could not drive his Chevrolet between them; that the distance between the two cars was not over 25 feet.

The jury evidently did not believe Swenson in the very important negligence feature of the case. It could and probably did believe

that he wilfully prevaricated in that regard. That being true, the jury was justified in not believing his testimony as to his not being then in his employer's business. 6 Dunnell, Minn. Dig. (2 ed. & Supp.) § 10345.

This case does not fall within the well established and frequently followed rule announced in O'Leary v. Wangensteen, 175 Minn. 368, 370, 371, 221 N. W. 430, 431, which was there properly applied.

That rule is "that the court or jury cannot disregard the positive testimony of an unimpeached witness unless and until its improbability or inconsistency furnishes a reasonable ground for so doing, and this improbability or inconsistency must appear from the facts and circumstances disclosed by the record in the case. It cannot be arbitrarily disregarded by either court or jury for reasons resting wholly in their own minds and not based upon anything appearing on the trial."

Of course appellant was not responsible for the negligence of Swenson unless at the time of the accident he was acting for it within the scope of his employment. There is no responsibility of appellant here if Swenson was exclusively engaged in his own affairs, that is, for his own pleasure or convenience. The act that Swenson was performing at the time of the accident was at least not wholly disconnected from the service of his employer; as far as he had proceeded at the time of the accident he was engaged in part in the furtherance of the employer's business, or at least the jury might properly draw that inference from the evidence. Whether Swenson was to consult the sales manager and deliver the order on Friday evening or Saturday morning, as he claimed, is immaterial. In either event, of necessity he would be at that intersection in taking the usual and best traveled route. On the record the issue of appellant's liability was one of fact fairly for the jury's determination. Elliason v. Western C. & C. Co. 162 Minn. 213, 202 N. W. 485; Ploetz v. Holt, 124 Minn. 169, 144 N. W. 745; Sina v. Carlson, 120 Minn. 283, 139 N. W. 601.

We think there was sufficient evidence to support the verdicts and that they were not excessive. Vogtz, because of his injuries, paid $275 for necessary additional help in his business for a month; $82.34 for hospital and doctor bills. The only testimony as to his car was that before the accident it was worth $800 and only $100 immediately after. He had much pain and suffering. The amount awarded was not excessive. The $250 awards to each of the other plaintiffs were reasonable.

Affirmed.